# WHEELING.

## STATE *ex rel.* TULLY *v.* TAYLOR.

### Decided June 11, 1910.

INJUNCTION—*Action on Bond—Judgment—Evidence.*

> When counsel fees and personal expenses are sought to be recovered as damages on an injunction bond, it is incumbent on the plaintiff to show either that injunction was the sole relief to which the suit pertained, or that the fees and expenses were paid out solely for the purpose of procuring a dissolution of the injunction as distinguished from expenditures for the hearing of the principal issues involved in the case.

Error to Circuit Court, Braxton County.

Action by the State, for the Use of J. V. Tully, against A. T. Taylor and others. Judgment for plaintiff, and defendants bring error.

*Reversed and Remanded.*

*W. E. Haymond,* for plaintiff in error.

*Alex Dulin and Hugh Swisher,* for defendants in error.

ROBINSON, PRESIDENT:

This suit is one for the recovery of damages on an injunction bond. The damages claimed are based on counsel fees and personal expenses alleged to have been paid out and contracted in securing a dissolution of the injunction in the case of *Taylor v. County Court,* 57 W. Va. 165. From a judgment on the injunction bond, by the verdict of a jury, based wholly on counsel fees and expenses relating to that case, the principal and surety come with this writ of error.

It is settled law in this jurisdiction that counsel fees and personal expenses paid out in procuring the dissolution of an injunction are recoverable as damages in an action on the injunction bond. *State v. Medford,* 34 W. Va. 633; *State v. Corvin,* 51 W. Va. 19. Whatever may be said against the doctrine that such charges may be recovered as damages on an injunction bond, this Court has approved that doctrine by the decisions in the cases cited.

When the sole relief sought is the injunction itself, of course the whole expenditure in defense of the suit relates to procuring the dissolution of the injunction a'warded therein. The two decisions to which 'we have referred were in cases of that character. But where other matters are involved in the suit to which the injunction pertains, it is frequently impossible to reliably segregate counsel fees and personal expense devoted to a dissolution of the injunction from the expenses of defending independent rights in the suit to which the injunction may be merely ancillary. When the injunction is only incidental to other relief sought, the general expenses of the case cannot properly be charged to the injunction. If, however, the expenditures in securing the dissolution of the injunction can be separated from those which would have been incurred on the suit in any event, they are recoverable as damages on the bond. When the right to an injunction is not the sole issue of the case, damages on the bond are limited to the expenses incurred in procuring the dissolution of the injunction as distinguished from the expenses incurred in the hearing of the principal issues involved. It is only when a hearing of the principal issues involved is absolutely necessary to dispose of the injunction that expenditures for the hearing of the case are proper to be allowed as damages caused by an injunction 'wrongfully issued. The clearest and soundest exposition in the premises is the following one: "Where the attorneys' fees and expenses are incurred in defeating the action, and the dissolution of the injunction is only incident to that result, they are not damages sustained by reason of the injunction. The reason is obvious: expenses for another purpose, and which would have to be incurred whether a preliminary injunction had been granted or not, cannot be set down to the account of the injunction. But where no other relief is asked for but an injunction, the expense to get rid of it on a final hearing, as well as on motion, may be recovered. If a temporary injunction is continued during the pendency of the trial, notwithstanding the objection of the defendant, thus obliging him to try the action in order to secure the dissolution of the injunction, counsel fees incurred for the trial may be recovered; but not for services rendered before the entry of an order continuing the injunction." 2 Sutherland on Damages, section 525. So we hold that when counsel fees and personal

expenses are sought to be recovered as damages on an injunction bond, it is incumbent on the plaintiff to show either that injunction was the sole relief to which the suit pertained, or that the fees and expenses were paid out solely for the purpose of procuring a dissolution of the injunction as distinguished from expenditures for the hearing of the principal issues involved in the case.

The case of *Taylor* v. *County Court* was not purely an injunction case. The injunction issued therein was only ancillary to the main relief sought by the suit. The principal object of that case was to establish the illegality of contracts made by the county court. The bill shows it to have been a suit to vacate those contracts. It struck directly at the invalidity. At any rate, the bill prayed for more relief than a mere injunction. It asked that the contracts be declared void. The injunction feature could have been wholly disregarded and a complete case would have remained. So it could not be called a pure injunction case. The bill made a case without injunction. The injunction prayed for and temporarily awarded was indeed ancillary to the main relief sought—the establishment of the invalidity of the contracts. The injunction was merely an ancillary feature of the case, the purpose of which was to effectuate more fully the main relief. The purpose of that injunction was to hold up payments under the contracts until it could be shown and decreed that those contracts were void. A decree declaring the contracts void would operate practically to end the necessity for the injunction. Thus we see that it was only incidental to the main purposes of the suit.

Though the injunction awarded in the case of *Taylor* v. *County Court* was only incidental to the principal issues therein, no distinction has been made in this action on the bond between the expenditures in relation to a dissolution of the injunction and those in relation to the general defense of the suit. Neither the declaration nor the proof introduced under it makes any distinction in this regard. As we have seen, it was incumbent on Tully, the relator plaintiff in this action, since the injunction was incidental to other issues, to show that the fees and expenses were paid out solely for the purpose of procuring a dissolution of the injunction as distinguished from expenditures for the hearing of the principal issues. Tully did not

bring himself within this rule. The whole case makes no distinction as to particular expenses in regard to a dissolution and the general expenses of the suit to which the injunction was incidental. No direct effort was made by Tully to get rid of the injunction except by a hearing of the whole case. He set in solely to defeat a permanent injunction—to establish the validity of the contracts—and not to rid himself of the temporary restraint. He seems not to have minded the temporary restraint. Now, as far as is shown by the pleadings and proof, Tully spent no more than he would have spent if no temporary injunction had ever issued. The expense of a general hearing in the case cannot therefore be said to have been caused by the injunction. The principal and surety in the injunction bond are not liable for costs and charges which would have been incurred in any event—for charges which the injunction did not bring about. The case might have been different if Tully had made a direct effort to get rid of the injunction that issued against him. Instead of such effort he only sought to defeat the entry of a decree declaring the contracts void and pronouncing a permanent injunction. He made no effort to defeat the preliminary injunction except by a final hearing of the cause. It does not appear that such hearing was absolutely necessary to a dissolution, or that the expenses for which he sues were other than those that would have been spent if no temporary injunction had ever issued.

The judgment is erroneous. It will be reversed, and the verdict set aside as contrary to law and the evidence. The demurrer to the declaration will be sustained, with leave to amend if the plaintiff is advised so to do.

*Reversed and Remanded.*