# CHARLESTON.     ○

BALLARD, GUARDIAN, *v.* LOGAN *et al.*

Submitted March 15, 1910.    Decided February 14, 1911.

1. INJUNCTION.—*Bond—Construction.*

Liability on an injunction bond does not extend beyond the terms therein used, fairly construed.

2. SAME.

Absolute voids in such a bond cannot be filled by insertion or addition of things which, according to law, should have been put into it, or which it is merely supposed the parties intended to include.

3. SAME.

The condition of a bond, given to put into effect an injunction against a judgment, requiring the judgment debtor only to perform and discharge the orders and decrees of the court in the injunction suit, respecting the judgment, does not make the obligors liable for the judgment unless nor until a decree therefor is rendered, nor for costs in the equity suit at all.

Error to Circuit Court, Monroe County.

Action by I. N. Ballard, guardian of Willie Lingo, against J. D. Logan and others. Judgment for defendants, and plaintiff brings error.

                        *. Affirmed.*

*J. H. Crosier,* for plaintiff in error.

*John Osborne,* for defendant in error.

POFFENBARGER, JUDGE:

I. N. Ballard, guardian for Willie Lingo, complains of a judgment against him on a demurrer to his declaration in debt

on an injunction bond, given in a suit brought by Jos. D. Logan, to prevent the collection of a certain judgment recovered against him by said guardian.

The condition of the bond, as stated in the declaration, is not in statutory form. Instead of binding Logan in terms to pay the judgment or decree, in case of dissolution of the injunction, it said: "Now if the above bound Jos. D. Logan shall well and truly perform and discharge the orders or decrees of the circuit court of Monroe county, West Virginia, made in this cause, respecting said judgment then this bond to be void, else to remain in full force and effect." It then avers dissolution of the injunction, the amount of the judgment, costs in the justice's court in which it had been rendered, an attorney's fee of $50.00, other expenses incurred in procuring the dissolution of the injunction, amounting to $15.00, and $25.00 costs, awarded in the order of dissolution and costs recovered in the Supreme Court on an appeal from the order of dissolution amounting to $.....

The demurrer stands upon the theory of failure to allege a cause of action, no decree or order in the chancery cause for payment of any money, except one for costs, having been alleged. The condition of the bond does not, in terms, cover costs in the chancery cause or costs in the appellate court, and no decree is alleged to have been made requiring anything to be done respecting the judgment. Hence the declaration assigns no breach of the condition of the bond unless that condition can be read and considered as one, requiring payment of the judgment, or costs, or both, in case of the dissolution of the injunction. We do not think it can. No warrant for such a construction is found in any terms used. They stop with performance and discharge of orders and decrees, respecting the judgment and made in the chancery cause, and no such orders or decrees, requiring anything to be done, respecting the judgment, are alleged to have been made. To include the judgment and costs or either of them in the condition, we would have to say it covers all the law requires to be put into a bond of this kind, or all the parties may be supposed to have intended to insert, in the absence of terms indicative of intent to do either. Some authorities say voids may be filled in certain bonds by reading into them what, according to law, should have been inserted, but

this Court has never applied that principle to injunction bonds. On the contrary it has impliedly, if not expressly, refused to do so. *Holliday's Exrs.* v. *Myers,* 11 W. Va. 276; *State* v. *Hall,* 40 W. Va. 455. On the construction of an ambiguous bond, or one containing contradictory terms, the law under which it was given may always be considered, as bearing on the element of intent, either to eliminate or extend its legal effect, so as to bring it into harmony with the law, when the terms are broad enough to justify it, intent to comply therewith being presumed, but none of our decisions seem to go beyond that. *School Furniture Co.* v. *McGuire,* 46 W. Va. 328, proceeds upon the theory of elimination of matter in excess of the legal requirement, leaving a valid bond thereafter, but it neither inserts nor adds terms. *Chambers* v. *Cline,* 60 W. Va. 588, *State* v. *Wotring,* 56 W. Va. 394, and *State* v. *Nutter,* 44 W. Va. 385, do not go beyond the limits here set, nor does any of them. However it may be in the case of official bonds, as to which there may be an exception, we cannot give effect to an injunction bond in excess of that indicated by its terms, fairly construed.

The suggestion of error in entertaining the demurrer after a plea of the general issue and a plea of payment is not well founded. A defendant may rely upon both matters of law and fact at the same time.

Seeing no error in the judgment, we affirm it.

*Affirmed.*