# CHARLESTON.

## STATE *ex rel.* v. NASH *et als.*

Submitted June 12, 1912.   Decided October 14, 1913.

1. INJUNCTION—*Action on Bond—Expense on Temporary Injunction.*
   Counsel fees paid for services in a suit in which a temporary injunction is awarded only as ancillary and incidental to the main relief sought, no effort being made to secure its dissolution until final hearing of the cause upon the merits, and other expenses not incurred on account of the injunction, are not recoverable in an action on the injunction bond. (p. 813).

2. SAME.
   In a suit to remove cloud upon plaintiff's title to land, and to enjoin defendant from trespassing thereon and from taking steps to redeem his title from forfeiture to the state, a temporary

injunction was awarded.  HELD: that injunction was only ancillary to the main purpose of the suit which was to quiet title. (p. 814).

(LYNCH, JUDGE, Absent).

Error to Circuit Court, Putnam County.

Action by the State for use of Mary Patton Hudson, against J. H. Nash and others.  Judgment for plaintiff and defendants bring error.

*Reversed and Remanded.*

*Brown, Jackson & Knight,* and *J. H. Nash,* for plaintiffs in error.

*Enslow, Fitzpatrick, Alderson & Baker,* for defendant in error.

WILLIAMS, JUDGE:

Plaintiff recovered judgment in the circuit court of Putnam county for $500 in an action upon an injunction bond executed by J. H. Nash and Lewis Barnhart for the Iguano Land & Mining Company, in a suit brought by it in the circuit court of Putnam county against Mrs. Mary Patton Hudson and others, for the purpose of cancelling her claim of title to certain land, as constituting a cloud upon said company's title thereto, and to enjoin her from trespassing on the land and from taking any steps to redeem the title claimed by her, which had been forfeited to the state.  The injunction, as prayed for, was awarded in vacation, and the bond sued on was given.  No effort was made to get rid of the injunction until the final hearing of the cause on its merits, at which time the chancellor granted the prayer of the bill and cancelled Mrs. Hudson's claim to the land as constituting a cloud upon the plaintiff's title, and perpetuated the injunction.  Mrs. Hudson appealed from that decree to this court and procured a reversal of it, and a dismissal of the plaintiff's bill; and hence this action upon the injunction bond.

The judgment recovered is on account of fees paid by Mrs. Hudson to her counsel for services rendered in that cause.  But she fails to distinguish how much, if any, she paid for services rendered in getting rid of the injunction.  No effort was made

to have it dissolved until the final hearing of the cause upon its merits. It was not a pure injunction suit, but a suit brought to remove cloud upon title, and the injunction was only ancillary or incidental thereto. Had it been a pure injunction suit, no doubt the whole of counsel fees would have been recoverable on the bond, the penalty of the bond being sufficient. It is well settled law in this state that fees paid to counsel for services rendered in getting rid of an injunction are properly recoverable as damages in an action on the injunction bond. *Levy* v. *Medford,* 34 W. Va. 633; *Kloak Bros.* v. *Corvin,* 51 W. Va. 19; *Bank* v. *Graham,* 68 W. Va. 1; *Tulley* v. *Taylor,* 67 W. Va. 585. But when injunction is not the sole relief sought, but is only ancillary and incidental to the main object of the suit, and no effort is made to procure a dissolution of the injunction until a final hearing of the cause upon its merits, and counsel fees are paid for entire services in the suit, they are not recoverable upon the bond. *Tulley* v. *Taylor, supra;* 2 High on Injunctions, (4th ed.) sec. 1686; *Riddle* v. *Cheadle,* 25 Ohio 278; *Curry* v. *The Amer. Freehold &c. Co.,* 124 Ala. 614; *Lambert* v. *Alcorn,* 144 Ill. 313

The chief purpose of the suit in which Mrs Hudson was enjoined, was to clear the Iguano Company's title to land of a cloud, and the prayer of the company's bill that she be restrained from committing trespass and from taking further steps to perfect her claim by redeeming from the state a forfeited title, was only incidental. 2 High on Injunctions, (4th ed.) sec. 1686; *Tulley* v. *Taylor, supra; Allport* v. *Kelley,* 2 Mont. 343; *Disbrow* v. *Garcia,* 52 N. Y. 654; *Moriarity* v. *Galt,* 125 Ill. 417, 17 N. E. 714. It does not appear that counsel rendered any services specially to get rid of the injunction, or that the same services which were rendered would not have been necessary, if no injunction had been awarded. The appeal to this court in that case was not to get rid of the injunction, which was only an incident in the case depending upon the question of title to the land, but was to procure a reversal of the decree which had adjudicated title to the land against Mrs. Hudson; and the injunction was dissolved as a matter of course, when it was decided that plaintiff's title failed.

Counsel for defendants say that the fees were paid for services

in this court, and they insist that fees paid counsel for services in the appellate court, after a temporary injunction has become merged in a final decree on the merits, are not recoverable on the injunction bond, that the conditions of the bond do not cover damages sustained after the court has pronounced its final decree; and 22 Cyc. 1050 and *Webber* v. *Wilcox,* 45 Cal. 341, are cited to support this proposition. The California case seems to support the text in Cyc., but the court apparently rested its decision on the terms of the California statute fixing the conditions of the bond. It reads: "Such damages * * * * as such parties may sustain by reason of such injunction, if said court finally decides that said plaintiff was not entitled thereto." This language would seem to limit the conditions of the bond to the action of the court granting the injunction. The terms of our statute are broader, and do not so limit the conditions. Hence, if the suit were a pure injunction suit, and it became necessary for the defendant to appeal to this court in order to get rid of the injunction, we see no reason why he should not be allowed to recover counsel fees for services in this court as well as in the court below, as damages in an action on the bond. *Bank* v. *Graham, supra.* The same would be true of fees paid in this court upon an appeal from an order dissolving, or refusing to dissolve, an injunction, even where injunction is only inci-. dental to the main object of the suit.

Under the ruling of this court in *Tulley* v. *Taylor, supra,* it was Mrs. Hudson's duty to prove that the fees were paid solely for services in procuring a dissolution of the injunction, as distinguished from fees paid for services in defending the principal issue, before she can recover them. Even granting that it is possible to make such distinction in this case, she has not attempted it.

The cause was submitted to the court in lieu of a jury by agreement of counsel, and it appears from the courts judgment that it was rendered wholly on account of the $500 attorney fees. But, notwithstanding this showing of the record, counsel for plaintiff insist that the judgment is sustainable on the ground that plaintiff has proven other items of damages equal to, if not exceeding, the amount of counsel fees. She proved that she paid out large sums of money for transcripts and printing

of records on appeal, for surveying and platting the land
controversy, and for other things, which, counsel say, she
entitled to recover. But these items of expense are not shown
have been paid on account of the injunction. Two suits w
pending against Mrs. Hudson and others in the circuit court
Putnam county at the same time, both of which were appealed
this court. One suit was styled *Whitehouse* v. *Jones et al.,*
the other, *Iguano Land & Mining Co.* v. *Jones et al.,*
the items of expense which she proves, aggregate $629.70, re
to one or the other of these suits. But it appears t
at least $300.75 of that amount was paid on account of
*Whitehouse* v. *Jones* case, and that no part of the remain
expenses are shown to have been incurred in getting rid of
injunction.

For the foregoing reasons the judgment is reversed and
cause remanded for a new trial.

*Reversed and Remande*