## CHARLESTON.

### STATE v. FRIEDMAN et al.

Submitted March 4, 1914.   Decided April 27, 1914.

1. INJUNCTION—*Interlocutory Injunction—Expiration.*
   An injunction, awarded upon an interlocutory application, to remain effective until further order, is merged in and superseded by subsequent decree on merits awarding a perpetual injunction. Having served as temporary restraint, its functions then ceased. (p. 12).

2. SAME—*Action on Bond—Damages Recoverable.*
   Damages sustained by interlocutory injunction awarded pending hearing on merits, or until further order, including fees for services of counsel on appeal, where injunctive relief alone is sought, are recoverable in an action on bond of indemnity; but not damages, exclusive of such fees, from an injunction awarded at hearing on merits, though on appeal therefrom the decree is reversed and the bill dismissed. (p. 12).

3. SAME—*Action on Bond—Evidence.*
   While not conclusive, proof of past profits from an established business is competent and proper as a basis from which to estimate actual damages resulting thereto from unlawful interruption of such business by injunctive process. (p. 15).

4. DAMAGES—*Evidence of Profit—Competency.*
   Profits derived from an established business, the value of which is ascertainable with reasonable accuracy, are not contingent or speculative and therefore not within the rule excluding proof thereof as an element of damages in an action as for breach of contract. (p. 15).

Error to Circuit Court, Marion County.

Action of debt on an injunction bond, by the State against Abraham Friedman and others. Judgment for plaintiff, and defendants bring error.

*Reversed, and Remanded for New Trial.*

*Howard N. Ogden,* for plaintiffs in error.

*Tusca Morris* and *Harry Shaw,* for defendant in error.

LYNCH, JUDGE:

This case is here upon a writ of error to a judgment against Abraham Friedman, in an action of debt on an injunction

bond. He obtained an injunction in the intermediate court of Marion county to restrain Galliher, his employees and all other persons acting with or for him, from further carrying on the business of selling spiritous liquors in certain rooms immediately over Friedman's saloon, and from doing certain specified acts to the annoyance of Friedman and the patrons of his saloon. Upon the award of the injunction, Friedman executed the bond, which contained the usual conditions; and, by its due execution, the injunction became effective August 31, 1907.

On final hearing on answer, motion to dissolve, and affidavits, the intermediate court, by decretal order of September 12, 1907, made the injunction perpetual. However, on December 19, 1907, on appeal, the circuit court reversed the former decree, dissolved the injunction, and dismissed the bill. Then Galliher brought this action, and obtained a judgment on the verdict of a jury, which the circuit court affirmed. He sought recovery of damages accruing to his business during the time intervening between the date at which the preliminary injunction became effective and the date of the final decree on appeal.

Two main questions are presented. They relate to the period (1) within which plaintiff is entitled to recover damages to his business, and (2) within which he is entitled to recover fees of counsel employed by him in the injunction suit.

No authority binding on this court aids in determining the first branch of the inquiry. The rule, as stated in 22 Cyc. 1050, is that damages accruing after the preliminary injunction is made permanent can not be recovered, although the decree is afterwards reversed and the suit dismissed; because the order for a preliminary injunction is merged by a decree for a perpetual injunction. The following additional authorities sustain the proposition: *Webber* v. *Wilcox*, 45 Cal. 301; *Lambert* v. *Haskell*, 80 Cal. 611; *Bemis* v. *Spalding*, 9 Ky. L. 764; *Houghton* v. *Cortelyou*, 208 U. S. 149; *Mining Co.* v. *Mining Co.*, 90 Fed. 155.

In the Lambert case, the court said: "When the truth of the charge has been investigated and a final decree made, there is no longer any necessity for a preliminary injunction.

It has served its purpose, and its functions cease. If its functions do not cease, then of course it remains in force. But the final decree is also in force. The injunction awarded by a final decree is not suspended by an appeal. Hence, there would be the anomaly of two injunctions in the same case, each restraining the same act, and each valid. But, overlooking the anomaly, how could it be said, in such a case, that the party is injured by the preliminary injunction? If it were out of the way, he would still be restrained by the final injunction. Likewise, in the Webber case, the same court said: "When the decree for a perpetual injunction was rendered, the order for the preliminary injuncton was merged, or ceased to have any effect; and thereafter the case stood in the same condition, in respect to damages, as it would have done had no preliminary order been made." Where the injunction order authorizes the continuance of its inhibition until the further order of the court, and the court upon a final hearing refuses to dissolve, and enters a new order operating as a permanent restraint, the first order expires by its own limitation. *Sweeney* v. *Hanley*, 126 Fed. 99; see also *Houghton* v. *Cortelyou, supra.* An injunction granted upon an interlocutory application is superseded by a decree made at the hearing of the cause. It does not thereafter remain in effect, unless expressly continued. Daniels Ch. Pl. & Pr. (6th Am. Ed.) 1680.

It is important here to note that the preliminary injunction order was to remain in force only "until the further order of this (the intermediate) court"; and that the undertaking of the obligors was "to pay all costs and damages which may be awarded against him (Friedman) and all damages which may be sustained by the defendants, or either or any of them, by reason of *this* (the preliminary) injunction, in case the same shall be dissolved". If the injunction against which the bond was intended as an indemnity was not dissolved, there could be no liability for damages accruing after the decree of perpetuation. This was the extent to which the obligors pledged their personal security. They did not assume liability beyond the terms of their contract. Only such damages are recoverable as clearly fall within the terms of the injunction bond, A bond of indemnity against damages is essentially a contract

to be construed in accordance with the general rules applicable to such undertakings, with the difference that the undertaking of a surety on an injunction bond must be so construed as not to extend his liability beyond the terms of the obligation by which he is bound. *Orniglen* v. *Smith,* 78 Ill. 250; *Furgeson* v. *Tipton,* 1 B. Mon. 28; *Edmison* v. *Falls Co.,* 10 S. D. 440; 10 Am. & Eng. Enc. L. 991; *United States* v. *Boyd,* 15 Pet. 208; *Miller* v. *Stewart,* 9 Wheat. 702. "So when the injunction is dissolved upon the hearing and judgment is given in favor of defendants, and plaintiff appeals, the sureties upon the injunction bond are not liable for damages sustained in consequence of the appeal; and this is true even though after the appeal is prayed the court below orders the injunction to be continued until the decision of the appellate court, since such order is regarded as a new injunction, and the sureties are not liable for damages thereafter accruing." 2 High Inj. §1636.

The conclusion follows that plaintiff's damages to his business recoverable in this action are those only which resulted pending the period during which the restraint was effective by virtue of the preliminary order; that is, from August 31 to September 12, 1907. Had the court granted the injunction at the hearing on the merits, without the preliminary restraint, an indemnity would have been unnecessary. In that event, Galliher would not have had any protection against injury to his business. This course the court might have taken, without previously staying him in the prosecution of his business. The only effect of the first order was one of restraint until the hearing, at which the final order was entered.

On the second branch of the inquiry, whether plaintiff may recover as damages fees for the services of counsel in the intermediate and circuit courts, this court has held in *State* v. *Medford,* 34 W. Va. 633; *State* v. *Corvin,* 51 W. Va. 19; *Tully* v. *Taylor,* 67 W. Va. 585; *Bank* v. *Graham,* 68 W. Va. 1, and *State* v. *Nash,* 79 S. E. 829, that such fees may be recovered in an action for damages on an injunction bond, subject to the limitations imposed by some of these cases. This holding accords with those of other states. *Cooper* v. *Humes,* 43 Ala. 280; *Roberts* v. *White,* 73 N. Y. 375; *Harrison* v.

*Harris,* 75 Hun. 191; *Bush* v. *Kirkbridge,* 131 Ala. 405. While the authorities are not in full accord, they generally sustain the right to such recovery, as being within the terms of an injunction bond. 2 High Inj. §1686. The ground on which such recovery is sustained is that no right of action on the bond accrues until the final determination of the suit out of which the injunction issued; and reasonable and legitimate counsel fees, incurred to effect that end, are necessarily covered by the bond. 1 Joyce Inj. §177; 10 Am. & Eng. Enc. L. 989.

The next question relates to the measure and proof of the damages to which plaintiff may be entitled, under the principles announced, for injury done to his business by reason of the preliminary injunction order. It is insisted that the proof is insufficient to warrant recovery, as sought, of prospective profits lost while his business was enjoined.

Upon the trial, plaintiff, by the proof admitted on his behalf, attempted to establish, and under the instructions the jury based its verdict upon, a claim for damages accruing to his business for all of the period of 110 days intervening between the issuance and final dissolution of the injunction. But we have found that the only period for which he is entitled to damages is the interval between the award and the perpetuation of the preliminary order—a period of twelve days.

So far as this latter period is concerned, the proof introduced by plaintiff was competent. By his testimony, he proved that for several years before the issuance of the injunction he had conducted a well patronized saloon business on the opposite side of the street from and near Friedman's saloon until May 1, 1907, and had thereafter, for four months, continued the business in the rooms over Friedman's saloon; that his average net profits during the latter period were $22 per day, and that his patrons were gradually increasing in number. As a necessary consequence, his business was of course wholly suspended by the injunction while it remained in force.

Plaintiff's estimate of daily profits can not be deemed conclusive evidence of his damages. But such estimate was proper for the consideration of the jury on that question. It is permissible to show past profits as a basis for an estimate

of the actual damage to an established. business resulting from its unlawful interruption by an injunction. *McClanahan* v. *Caul*, 63 W. Va. 422; *Railroad Co.* v. *Miller*, 38 S. W. 1132; *Hotchkiss* v. *Platt*, 8 Hun. 46. See also *Bagley* v. *Smith*, 10 N. Y. 489; *Eubank* v. *Smith*, 72 Ga. 280; *State* v. *Durkin*, 65 Kan. 101. Profits of a regular and established business, the value of which may be ascertained, are not contingent and speculative, in the sense of the general rule that excludes profits from the consideration of the jury as an element of damages in an action for breach of contract. In the case before us, plaintiff does not claim profits merely; but he offers the evidence of loss of profits, with other testimony, to prove the extent of the damages caused to his business by reason of the injunction obtained by the defendant.

In *Chapman* v. *Kirby*, 49 Ill. 211, it is said: "In estimating the losses sustained by reason of the destruction of plaintiff's business, it is proper for the jury to take into consideration the extent of his business, and his profits for a reasonable period next preceding the time when the injury was inflicted, leaving the defendant to show that, by depression in trade or from other causes, the profits would have been less. But the damages must be the necessary and natural result of the act, and must be real, and not speculative." *Landis* v. *Wolf*, 206 Ill. 392; *Lambert* v. *Haskell, supra*. In the case last cited it is said: ."Where an established business is suspended by a preliminary injunction to which the party was not entitled, the profits which would have been made can be recovered; and evidence of the profits which were actually being made is admissible upon such question."

Defendant also complains of the refusal of the court to admit in full the record of all the proceedings in the injunction suit. Only that part of the record was necessary which would enable the jury to ascertain the date and contents of the preliminary order, and of the order of the intermediate court perpetuating and of the circuit court dissolving the injunction, and that the injunction dissolved was the same as that recited in the bond sued on. *State* v. *Fleshman*, 22 W. Va. 317. Such parts of the record in question were admitted in evidence; and no prejudice to defendant could result from the exclusion of the remainder of it.

For the reasons given, we reverse the judgments of the circuit and intermediate courts, set aside the verdict of the jury, and remand the case for a new trial.

*Reversed, and Remanded for New Trial.*