## CHARLESTON

UNITED FUEL GAS CO. v. W. VA. PAVING & PRESSED BRICK CO.

Submitted June 9, 1914.    Decided June 16, 1914.

1. INJUNCTION—*Breach of Contract—Remedy at Law.*
   Equity will not enjoin the breaking of a contract when an action at law for damages affords adequate relief. (p. 485).

2. SAME—*Breach of Contract—Adequate Remedy at Law.*
   Defendant agreed to purchase from plaintiff, for a period of three years, all the natural gas it would use in its manufacturing plant and to pay for same monthly at certain prices per thousand feet, graduated according to the quantity used. About the middle of the term defendant purchased natural gas from another gas company and ceased using plaintiff's gas, and plaintiff applied for an injunction to restrain defendant from purchasing gas from the other company during the term of the contract. *Held:* An action at law for damages for the breach of the contract is adequate and complete, and equity will not enjoin. (p. 485).

Appeal from Circuit Court, Cabell County.

Bill by the United Fuel Gas Company against the West Virginia Paving and Pressed Brick Company. Decree for defendant, and plaintiff appeals.

*Affirmed.*

*C. Powell, Kemble White,* and *R. G. Altizer,* for appellant.
*Campbell, Brown & Davis,* for appellee.

WILLIAMS, JUDGE:

Plaintiff is a public service corporation engaged in the

business of supplying natural gas for heat and light and defendant is a private corporation engaged in the business of manufacturing brick. On the 20th July, 1911, defendant contracted to purchase from plaintiff all the gas it used in its factory near the city of Huntington for a period of three years, to be paid for monthly at the rate of twenty-one cents per thousand for the first 150,000 cubic feet or fraction thereof; fifteen cents per thousand for the second 150,000 cubic feet or fraction thereof; and nine cents per thousand for all over 300,000 cubic feet used in any one month. About the middle of the term of the contract another gas company, the Huntington Gas & Development Company, obtained a franchise from the city of Huntington and commenced to supply gas to the citizens of said community in competition with plaintiff. Defendant took advantage of the opportunity thus afforded and agreed to purchase its gas from the new gas company at a lower rate than it had agreed to pay plaintiff, and disconnected its pipe from plaintiff's line and refused to take any more gas from it. Thereupon the present suit was brought to enjoin defendant from taking gas from the Huntington Gas & Development Company. At a special term of the circuit court of Cabell county held on the 3rd March, 1913, the court sustained a demurrer to the bill and, plaintiff not desiring to amend, dismissed the suit. This appeal was taken from that decree. After the appeal had been allowed plaintiff applied to the circuit court of Cabell county for a temporary injunction to restrain defendant from purchasing gas from the aforesaid competing gas company and the injunction was refused. Application was then made to some of the judges of this court who granted the same. On the 19th May, 1913, on motion of defendant, the circuit court of Cabell county dissolved the injunction, and plaintiff appealed from that decree also.

The first question to be determined is, does the bill present a cause for equitable relief? Equity will not relieve by injunction where the party complaining has a full, adequate and complete remedy at law. 2 High on Injunctions, Sec. 1107; and numerous Virginia and West Virginia cases cited in 7 Enc. Dig. Va. & W. Va. Cases, 521. It is well established that equity will enjoin the breach of a contract, and

thereby prevent the party in fault from profiting by his breach, in cases wherein, because of the peculiar situation of the parties with reference to the subject matter of the contract, or the grade and character of the services contracted for, the court cannot compel specific performance. But it goes without saying that want of adequate legal remedy is an essential element of equity jurisdiction. Pomeroy on Specific Performance, (2nd ed.), Secs. 24 and 25; *Lumley* v. *Wagner,* 1 De G. M & G. 604; *Western Union Telegraph Co.* v. *Rogers,* 42 N. J. Eq. 311; *Manhattan Manufacturing Co.* v. *N. J. Stockyards Co.,* 23 N. J. Eq. 161; *Singer Sewing Machine Co.* v. *Union Button Hole Co.,* (U. S. C. C. ), Holmes 253; *Equitable Gas Light Co.* v. *Baltimore Coal Tar &c. Co.* 63 Md. 285; *Standard Fashion Co.* v. *Seigle-Cooper Co.,* 157 N. Y. 60; *Philadelphia Ball Club* v. *Lajoie,* 202 Pa. St. 210; *Beck* v. *Indianapolis Light & Power Co.,* (Ind.) 76 N. E. 312. Relief by injunction in such cases is but an indirect method of enforcing specific performance by preventing the party in fault from reaping any benefit from the violation of his agreement. Plaintiff's case is distinguishable from those relied on in brief of counsel, most of which we have above cited, and after carefully considering them and other authorities on the subject we have concluded that the bill does not present a case for equitable relief. An action at law for damages for the breach of the contract affords complete and adequate remedy. The contract is for the sale of a common article of commerce at a fixed price, and there is no good reason why plaintiff can not obtain complete compensation in damages for defendant's refusal to take it and pay for it. Defendant had been using plaintiff's gas for nearly half the contract period, and the quantitiy used during that time would furnish a basis for a fair and reasonable estimation of the quantity which would be used for the remainder of the period. That the damages are incapable of ascertainment with absolute certainty is not a ground of equity jurisdiction. There are many cases in which an action for damages is the only remedy, wherein it is not possible to ascertain the damages with mathematical precision. Certainty can often only be approximated. The profit per thousand feet which plaintiff had derived from the gas con-

sumed by defendant during the first eighteen months, furnished a basis for the ascertainment, with reasonable certainty, of the profits which it would have made for the balance of the term. Damages thus estimated are not merely speculative. 1 Sedgwick on Damages, Sec. 189; *Hurxthal* v. *Boom Co.,* 65 W. Va. 346; *State ex rel.* v. *Friedman,* 74 W. Va. 11, 81 S. E. 830. Plaintiff had to ascertain, at least approximately, what it would cost per thousand to produce and deliver gas to the defendant before it could determine what it could afford to sell it for, and it can just as certainly determine its profits. The proof is in its own hands.

*Steinau* v. *Cincinnati Gas &c Co.,* decided by the supreme court of Ohio, 48 Ohio St. 524, 27 N. E. 546, is a case very much like the one in hand. There a gas company entered into a contract with Steinau to furnish him all the gas he would need to illuminate his place of business for a period of ten years at a reduced price, in consideration of his promise to buy all the gas needed during that period for illuminating purposes from said company. He agreed to pay the bills monthly, and further agreed not to introduce electricity or other material or power for illuminating purposes during the term. After the contract had been in force a year he introduced electric lights and refused to take any more gas under the contract. The gas company applied for an injunction to restrain him from using electricity, and the court denied relief on the ground that an action for damages afforded an adequate remedy.

There is no occasion for numerous suits. On the refusal of defendant to take plaintiff's gas it had a right to treat the contract as at an end and sue and recover entire damages in one action. This proposition needs not to be supported by citations of authorities.

Numerous other questions are presented by the assignments of error, but, having determined that equity is without jurisdiction to entertain the suit, we arc not called upon to decide the other questions presented. The decrees appealed from are affirmed.

*Affirmed.*