# CHARLESTON.

STATE *ex rel.* THE MEADOW RIVER LBR. CO. *v.* MARGUERITE
COAL CO. *et als.*

(No. 5896)

Submitted October 18, 1927.   Decided October 25, 1927.

1. INJUNCTION—*Counsel Fees and Expenses in Resisting Pre-
liminary Writ Cannot be Taken Into Account in Suit on
Bond (Code, c. 133, § 10).*

   In an action on an injunction bond, counsel fees and ex-
   penses expended in resisting the issuing of a preliminary writ
   of injunction are not damages sustained from the issuance of
   the writ; and are therefore not in the condition of the bond,
   and cannot be taken into account in determining the amount
   of damages that are caused by it.   (p. 326.)

2. SAME—*Plaintiff, Suing on Injunction Bond for Counsel Fees
and Expenses, Must Show Injunction Was Sole Relief
Sought, or Fees and Expenses Were Paid Solely to Pro-
cure Dissolution of Injunction (Code, c. 133, § 10).*

   When counsel fees and personal expenses are sought to be
   recovered as damages on an injunction bond, it is incum-
   bent on the plaintiff to show either that injunction was the
   sole relief to which the suit pertained, or that the fees and
   expenses were paid out solely for the purpose of procuring
   a dissolution of the injunction, as distinguished from expendi-
   tures for the hearing of the principal issues involved in the
   case.   (p. 327.)

Error to Circuit Court, Greenbrier County.

Proceeding by the State, on the relation of the Meadow
River Lumber Company, against the Marguerite Coal Com-
pany and others, by notice of motion for judgment on an
injunction bond.   Judgment for relator, and defendants bring
error.

*Reversed and remanded.*

*S. M. Austin, Ward & Sanders* and *Poffenbarger, Blue &
Dayton,* for plaintiffs in error.

*Dice & Easley,* for defendant in error.

WOODS, JUDGE:

This is a notice of motion for judgment on an injunction bond. Several years ago the Marguerite Coal Company, and others, instituted a suit in chancery for the purpose of enjoining the Meadow River Lumber Company from cutting and removing the timber from a certain tract of land situate in Greenbrier County, known as the C. L. McClung land, it being their contention that they were entitled to have partition before any of the same was cut from said land, on account of an alleged claim of an undivided interest by them therein. An application to the circuit court of Greenbrier County for an injunction was unsuccessful; thereupon they applied to the Judges of this Court for such restraining order, and, while the same was at first refused, it was on later application awarded. The Meadow River Lumber Company was present, by counsel, at each of these hearings, resisting the granting of the prayer of the bill. The bond given in compliance with the order awarding the injunction was in the penalty of $10,000, and its condition was that the Marguerite Coal Company, and United States Fidelity & Guaranty Company, "shall well and truly pay all costs and damages as shall be incurred or sustained by the Meadow River Lumber Company, on account of the said injunction in case the same shall be dissolved." The injunction on a hearing was dissolved by the circuit court, which ruling was later affirmed by this Court. *Marguerite Coal Co. v. Meadow River Lumber Co.*, 98 W. Va. 698.

The notice of the motion recited the awarding of the injunction, the bond, the injunction's final dissolution, laid the damages in the sum of $9,066.37, as having been incurred and sustained on account of said injunction, and alleged a breach of the condition of the bond. Annexed to this notice was a bill of particulars, claiming $5,000 attorney's fees, certain incidental expenses claimed to have been incurred as the result of its issuance, and rental value of certain equipment alleged to have been kept idle by the injunction while it was in force. Items for the rental value of certain equipment, $3,400; certain incidental expenses, $144.55, were removed from the consideration of the jury by the court's in-

structions and the striking out of the evidence in relation thereto, thereby leaving before the jury the item for attorney's fees, and certain incidental expenses paid said attorneys after the issuance of the order, amounting to $69.12. The matter of interest was also eliminated by the court's instructions. The verdict for $5,069.12 embraced the full amount for attorney's fees, and the item for $69.12, incidental expenses. While the defendant in error claims the action of the court in decimating its claim is error, such action is not assigned as cross-error by it. Hence, the controversy here is narrowed to the question of attorney's fees.

We are met at the outset of the consideration of this case with the fact that the court authorized the jury, and that the jury, by its verdict, did allow as an element of damages counsel fees expended by the defendant in error in resistance of the issuance of the preliminary writ. According to the evidence no inconsiderable part of the counsel fees claimed was for such service. The evidence does not apportion such fees before the issuance of the injunction and those performed thereafter. Are the former fees recoverable as damages on the bond? Our statute provides that such injunction shall not take effect until bond shall be given in such penalty as the court or judge awarding it may direct, with condition to pay "all such costs as may be awarded against the party obtaining the injunction, and also such damages as shall be incurred or sustained by the person enjoined, in case the injunction be dissolved." Code, Chapter 133, Sec. 10. The purpose of the Legislature in requiring a bond was to supply a defect in the common law, which authorized a recovery on the issuance of an injunction only in cases where the suit was without probable cause, or was prosecuted with malice. The conditions of the bond here are substantially those required by the statute. If the conditions were in fact broader than there prescribed, there could be no recovery upon the conditions of the bond without the limits of that prescribed by law. 2 High on Injunctions, p. 1221. It may be stated as a general rule that compensation for losses sustained by a defendant which are the actual, natural and proximate result of the wrong committed by the restraining order, while

the latter is alive and operative, is the measure of damages to be assessed against bondsmen. 14 R. C. L. 482. This bond should not be interpreted retrospectively unless it appears that such was the legislative intent. It seems clear that such is not the case. According to our Code provision, the bond was to cover costs and damages as shall be incurred or sustained on account of said injunction, and therefore as a logical sequence for damages sustained after the giving of the bond. Counsel fees given in resisting the application are not damages sustained from the issuance of the writ, and are therefore not in the condition of the bond. *Randall* v. *Carpenter,* 88 N. Y. 294; *Sturgis* v. *Knapp,* 33 Vt. 486; *Kennedy* v. *Hammond,* 16 Mo. 341; *Lambert* v. *Haskel,* 80 Cal. 611. This sum was paid for services that were rendered prior to the granting of the injunction, and cannot in any sense be said to result from the injunction itself. The result would have been the same if the injunction had been denied. The damages that are caused by the writ must necessarily follow it, and cannot precede it. Our conclusion, therefore, is that damages that are caused solely in resisting the application for the injunction cannot be taken into the account in determining the amount of damages that are caused by it. This doctrine finds general support among the authorities.

Inasmuch as the case must be reversed for the above reason, considering the state of the present record, and the consequent change in its status on another trial, decision of the other questions arising on this record is unnecessary. However, there are certain observations which we think should be made with reference to a re-trial. In the first place, the liability of the sureties on the bond commences with the giving of the undertaking; and second, when counsel fees and personal expenses are sought to be recovered as damages on an injunction bond, it is incumbent on the plaintiff to show either that injunction was the sole relief to which the suit pertained, or that the fees or expenses were paid out solely for the purpose of securing a dissolution of the injunction as distinguished from expenditures for the hearing of the principal issues involved in the case. *Tully* v. *Taylor,* 67 W. Va. 585.

*Reversed and remanded.*