STATE EX REL W. F. BUSH *v.* B. Z. CARDEN *et al.*

(No. 7098)

Submitted February 23, 1932.    Decided March 1, 1932.

*Thomas N. Read* and *T. L. Read,* for plaintiff in error.
*A. D. Daly* and *J. W. Maxwell,* for defendants in error.

LIVELY, JUDGE:

Plaintiff sought, by notice of motion for judgment, to recover on a bond given by defendants in an injunction suit (*Carden* v. *Bush,* 109 W. Va. 655; 155 S. E. 914) and con-

ditioned upon defendants' paying "all damages that may be sustained by any person by reason of the granting of the said injunction." The trial court sustained defendants' motion to strike out plaintiff's evidence and directed a verdict favorable to defendants.

Before discussing the errors alleged by plaintiff, we first answer defendants' inquiry as to whether an action on an injunction bond may be summarily reduced to judgment under the provisions of 56-2-5, Official Code, which provides that "any person entitled to recover money by action on any contract" may, on motion, obtain judgment therefor. It is argued that this action sounds in damages, the amount of which is uncertain and can be ascertained only upon an inquiry of damages and therefore not maintainable under that statute.

In *Lambert* v. *Morton*, 111 W. Va. 25, 160 S. E. 223, it was held that the statute embraced, in addition to express contracts, those which are implied in law. Such contracts, referred to as quasi or constructive contracts, are said to cover a class of obligations where the law imposes an obligation upon defendant, notwithstanding the absence of intention on his part, and in many cases in spite of his actual dissent. Keener on Quasi Contracts, p. 5. In 6 R. C. L., 589, it is stated: "In the case of consensual contracts the agreement defines the duty, while in the case of quasi contracts the duty defines the contract. * * * Accordingly, it has been said that neither a statute nor a rule of law raises an implied promise. There must always be the fact of consideration outside of and in addition to the statute or rule of law; and the promise is implied rather from the consideration than from the statute. The statute or the rule establishes the duty, but the consideration raises the implied promise to perform that duty." See Williston on Contracts, Vol. 1, sec. 3. Although the alleged contract is purely fictitious, recovery is possible in an action *ex contractu*. *Comrs.* v. *Bloomington*, 253 Ill. 164, 26 Am. Cas. 471, 476; 55-8-3, Code 1931. The instant case clearly comes within this class of contracts. In *Stuart* v. *Carter*, 79 W. Va. 92, 90 S. E. 537, 538, wherein it was held that

"money due on a bond with collateral condition may be recovered by motion, under sec. 6, ch. 121, of the Code" (now 56-2-5, Official Code), Judge Poffenbarger stated: "A claim for mere damages for the breach of a contract is not within the statute under which the proceeding was instituted. *Wilson* v. *Dawson,* 96 Va. 687, 32 S. E. 461. The demand must be for money due upon a contract, as contradistinguished from damages arising from the breach of a contract. The remedy extends, however, to all cases in which a person is entitled to recover money by action on contract. *Long* v. *Pence,* 93 Va. 584, 25 S. E. 593. As a bond with collateral condition is proper subject matter of an action of debt or covenant, *Supervisors of Jackson County* v. *Leonard,* 16 W. Va. 470, it is a contract upon which money may sometimes, but not always, be recovered, wherefore, upon a proper showing, the remedy by motion under the statute is available. A demand for payment of money on it falls within the express terms of the statute. The mere form of the contract is immaterial. Not a word in the statute indicates purpose to limit the remedy by the form of the contract. It suffices that the money demanded is due on one." The injunction bond given by defendants was required by statute (53-5-9, Code 1931), thereby establishing an obligation to pay for any damages ensuing as a result of the injunction order; and although no express contractual relationship existed between the parties, the law having established the obligation will intercede in behalf of the injured party and impose the duty to pay. Recovery is thus predicated on money due under the contract implied in law and a proper remedy therefor is under the statute providing for motions for judgments in actions on contract.

Facts pertaining to the injunction suit appear in the reported case of *Carden* v. *Bush,* 109 W. Va. 655, 155 S. E. 914. Repetition thereof will be made only to relate facts pertinent to an understanding of the issues in this proceeding. Defendants, owners of a parcel of real estate, entered into an agreement with E. L. Lewis and wife, owners of an adjoining lot of land, whereby the latter agreed not to erect a structure

on their lot over fourteen feet in height on a certain portion of their lot. Bush (plaintiff in this proceeding) purchased the Lewis lot at a trustee's sale and commenced the construction of a building thereon. Defendants obtained a temporary injunction in September, 1927, to restrain further erection of the building, but the judgment of the circuit court perpetuating the injunction was reversed here; and later (January, 1931), the injunction was dissolved on motion in the court below. In this proceeding on the injunction bond (in the penalty of $1,000), plaintiff seeks to recover, as damages under the terms of the bond, $250.00 attorney's fees and a second item of rental losses.

While in this jurisdiction, counsel fees paid out in procuring the dissolution of an injunction are recoverable as damages in an action on an injunction bond, it is also well settled that where such fees are incurred in defeating the action and the dissolution of the injunction is only ancillary to that result, they are not damages sustained by reason of the injunction. 2 Sutherland on Damages, sec. 525. And, it is incumbent upon plaintiff to show that injunction was the sole relief sought or that the attorney's fees were paid out solely for the purpose of procuring the dissolution as distinguished from expenditures for the hearing of the principal issues involved. *Tully* v. *Taylor*, 67 W. Va. 585, 68 S. E. 379; *State* v. *Coal Co.*, 104 W. Va. 324, 140 S. E. 49. The injunction suit of *Carden* v. *Bush* had, as its primary purpose, the engrafting of the building restriction agreed to by Lewis and wife, and the injunctive features were purely ancillary. The issue decided in the injunction suit is indicative of the fact that had the injunction feature been completely eliminated, a suit would have remained. According to plaintiff, he paid his attorney $250.00 for defending his interest in the suit. Whether the amount paid could be segregated as to determine what portions thereof were incurred in determining the vital issue and in dissolving the injunction and the respective amounts thereof do not appear. Moreover, counsel for Bush who received the money testified: ''I charged the fee for procuring the dissolution of the injunction after it was granted

as a whole—I considered the resisting of the injunction a part of the same thing.'' Counsel fees paid to resist the issuing of a temporary writ of injunction are not damages sustained from the issuance of the writ and, therefore, not within the condition of the bond. *State* v. *Coal Co., supra.*

The next inquiry relates to the rental losses. As a general rule, the measure of damages to be assessed against injunction bondsmen is an amount which will compensate the injured party for losses sustained by him which are the actual, natural and proximate result of the wrong committed by the restraining order (32 C. J. 464), and the rental value of the property from the time the injunction was in force may be recovered by the injunction defendant. 32 C. J. 467.

Bush's building was progressing toward completion at the time of the trial, although he admitted on cross-examination that the building he originally planned had never been built; and defendants' counsel say that plaintiff is not entitled to recover ''the rental value of the contemplated building which was thereafter finally and permanently abandoned,'' citing *Ry Co.* v. *Pardue,* 131 S. W. (Tenn.) 862, in support thereof. How greatly the original plans had been altered does not appear. In the case cited, Pardue had abandoned his original building plan and had constructed a building costing five times as much as the contemplated building and designed for different uses. The court stated: ''When the building is subsequently erected, after the restraint caused by the injunction has been removed, the court can then see that contingency has given place to achievement; but, when it is abandoned, the doubt based upon the contingency that necessarily attends all uncompleted projects is proven, justified, and confirmed.'' The Washington court in *Stone* v. *Imp. Co.,* 122 Pac. 370, commented thus on the *Pardue* case: ''We think the court properly refused to allow the loss of rent as an item of damage in that case, for the subsequent conduct of the owner was in effect a declaration of benefit. The case turned on the finding that the plaintiff had abandoned his purpose * * *''; but damages were allowed in the *Stone* case where it appeared that a building costing less than the one con-

templated was actually erected as soon as the injunction was dissolved. The rule given by High on Injunctions, (4th Ed.), Vol. 2, p. 1624, is: "In determining the amount of damages to be allowed upon the dissolution of an injunction restraining one from exercising acts of ownership over his real property, the courts are not governed by arbitrary rules, but proceed upon equitable principles * * *." In the present case, the injunction was in effect for more than three years. As to the bond liability with respect to time, see *State* v. *Friedman,* 74 W. Va. 11, 81 S. E. 830. According to Bush's uncontradicted testimony, his building could have been constructed within fifty days from the time the injunction order became effective; he had rented, by the month, a flat and his store room at a monthly rental of fifty dollars and seventy-five dollars, respectively, to financially responsible persons whose occupancy would begin when the building was completed. In considering a motion to strike out plaintiff's evidence and direct a verdict for defendant, which is treated as a demurrer to such evidence as to the effect given it, the court should be guided by what its outcome would be if the jury had returned a verdict for plaintiff and motion was made to set it aside because not warranted by the evidence. *Barr* v. *Knotts,* 101 W. Va. 440, 133 S. E. 114. Under the testimony, we are of the opinion that some damages were shown—at least, rentals for one month, if not more: hence, it was error for the court to sustain defendants' motion to strike out plaintiff's evidence.

The judgment of the lower court is reversed and a new trial awarded.

*Judgment reversed and new trial awarded.*