395 S.E.2d 217

**R.E.X., INC.**

v.

**TRIO FOODS ENTERPRISES, INC., d/b/a Showbiz Pizza Place, and Huntington Entertainment Limited Partnership,**

**and**

**St. Paul Fire and Marine Insurance Company, Surety.**

No. 19267.

Supreme Court of Appeals of West Virginia.

June 26, 1990.

Cheryl A. Eifert, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, for St. Paul Fire and Marine Ins.

Robert C. Chambers, Charles E. Heilmann, Chambers, Chambers & Heilmann, Huntington, for R.E.X., Inc.

### PER CURIAM:

St. Paul Fire and Marine Insurance Company (St. Paul) appeals a decision by the Circuit Court of Cabell County requiring St. Paul, as surety, to pay under its bond all the damages and attorney's fees assessed against Trio Foods Enterprises, Inc., d/b/a Showbiz Pizza Place and Huntington Entertainment Limited Partnership (Trio Foods) in the underlying civil action instituted by R.E.X., Inc. (R.E.X.) against Trio Foods. On appeal St. Paul maintains that the circuit court erred in failing to hold that its bond was an injunction bond with damages limited to those arising from the injunction. However, because the bond itself states that as surety, St. Paul agrees to "pay any and all sums, including attorney fees and costs that the plaintiff [R.E.X.] may be entitled to recover in this action," the circuit court's decision requiring St. Paul to pay all the damages and attorney's fees due R.E.X. in the underlying civil action is affirmed.

In the underlying action R.E.X., the landlord, sought to enforce a commercial lease against Trio Foods. When R.E.X. attempted to retake possession of the restaurant, Trio Foods sought an injunction to stop R.E.X. The parties agreed to an injunction that allowed Trio Foods to remain in possession during the litigation; however, the injunction was conditioned upon Trio Foods posting a bond sufficient to cover all the damages sought by R.E.X. under the lease. Trio Foods requested the circuit court enter an order on January 6, 1988, which granted the injunction conditioned upon the posting of "a bond with good and sufficient surety with the Clerk of this Court in the amount of $35,000." The order did not specify the nature of the bond. The bond in which St. Paul agreed to act as surety was in the required amount and acknowledged:

> The condition of the above obligation is such, that whereas the defendants will pay any and all sums, including attorney fees and costs that the plaintiff may be entitled to recover in this action.

An amended order detailing the full agreement of the parties regarding the bond requirements was entered January 19, 1988.[1] No additional notice was provided.

Approximately one year later, the jury in the underlying suit awarded R.E.X. $21,-142.51 for damages and attorney's fees from Trio Foods, who filed for bankruptcy. Then R.E.X. sought to recover the full amount of the judgment from St. Paul, the surety. Although St. Paul argued that their bond was an injunction bond with limited damages, the circuit court awarded judgment against St. Paul for all the damages and attorneys' fees awarded in the underlying civil action.

On appeal St. Paul argues that their bond is an injunction bond because they issued a standard injunction bond and received no notice of the amended order requiring a general liability bond. Because the circuit court properly held that the bond by its plain language agreed to pay all the damages and attorneys' fees awarded to R.E.X. in the underlying action, we affirm the judgment of the circuit court.

## I

■ This Court has long held that a valid written agreement using plain and

---

1. The order stated in pertinent part:

   The bond posted by defendants in the amount of $35,000.00 shall protect the plaintiff's interest in recovering such sums as may be due it under its Complaint filed herein; under the lease for any rent payable for the month of December 1987; and under the provisions of this order requiring defendants to pay rent during the pending of this order in an amount which is $550.00 less that the amount of monthly rent stated in the lease, being the amount in dispute between the parties.

unambiguous language is to be enforced according to its plain intent and should not be construed. The rule is set forth in Syllabus Point 1, *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962), which states:

A valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent.

*See Ballard v. Logan*, 68 W.Va. 655, 657, 70 S.E. 558, 559 (1911) (an ambiguous injunction bond can be interpreted but the interpretation "neither inserts nor adds terms"); Syllabus Point 2, *Orteza v. Monongalia County General Hospital*, 173 W.Va. 461, 318 S.E.2d 40 (1984) ("Where the terms of a contract are clear and unambiguous, they must be applied and not construed").

■ The Court has also recognized that its function is to interpret and enforce written agreements and not to make, extend or limit the written agreement. Again the rule was set forth in the *Cotiga* case:

It is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them.

Syllabus Point 3, *Cotiga Development Co., supra.*

■ In the present case, St. Paul argues that its bond should be considered an injunction bond because it was attached to a preliminary injunction order. We note that damages under an injunction bond are limited to those damages arising from the effect of the injunction and any attorneys' fees accruing from efforts to dissolve the injunction. *See* Syllabus Point 1, *State ex rel. Shatzer v. Freeport Coal Company*, 145 W.Va. 343, 115 S.E.2d 164 (1960); Syllabus Point 4, *Wolverton v. Holcomb*, 174 W.Va. 812, 329 S.E.2d 885 (1985). Our case law on injunction bonds indicates that the language contained in the bond itself limits the damages the bond will pay. *State ex rel. Bush v. Carden*, 111 W.Va. 631, 632,

163 S.E. 54 (1932) (the bond expressly limited damages to those "sustained by any person by reason of the granting of the said injunction"); *State ex rel. Meadow River Lumber Co. v. Marguerite Coal Co.*, 104 W.Va. 324, 325, 140 S.E. 49 (1927) (the bond expressly limited its liability to "all costs and damages as shall be incurred or sustained by the Meadow River Lumber Company, on account of said injunction in case the same shall be dissolved"). The bond issued by St. Paul contained no such limitation and the preliminary injunction order to which the bond was attached provided no description of the bond except for specifying the amount. The attachment of St. Paul's bond to the preliminary injunction order does not demonstrate the parties' intent. "The language of the instrument itself, and not surrounding circumstances, is the first and foremost evidence of the parties intent." *Sally–Mike Properties v. Yokum*, 175 W.Va. 296, 332 S.E.2d 597, 601 (1985).

■ An amended order, filed about two weeks after the preliminary injunction order, fully described the bond that was required. No notice of the amended order was sent to St. Paul. However, St. Paul's bond already met the amended order's bond requirements by agreeing to pay "any and all sums" due R.E.X. in the underlying case. St. Paul's liability was not extended by the amended order and no special notice was required.

■ St. Paul argues, without citation, that the circuit court exceeded its authority under *W.Va.Code*, 53–5–9 [1931] by requiring a bond to pay all potential damages. *W.Va.Code*, 53–5–9 [1931] states in pertinent part:

An injunction (except in the case of any personal representative, or other person from whom, in the opinion of the court or judge awarding the same, it may be improper to require bond) shall not take effect until bond be given in such penalty as the court or judge awarding it may direct, with condition to pay the judgment or decree (proceedings on which are enjoined) and all such costs as may be awarded against the party obtaining the

injunction, and also such damages as shall be incurred or sustained by the person enjoined, in case the injunction be dissolved, and with a further condition, if a forthcoming bond has been given under such judgment or decree, to indemnify and save harmless the sureties in such forthcoming bond and their representatives against all lost or damages in consequence of such suretyship; or, *if the injunction be not to proceedings on a judgment or decree, with such condition as such court or judge may prescribe.* (Emphasis added).

In the present case, we hold that the circuit court's bond requirements did not exceed the authority granted by *W. Va. Code,* 53–5–9 [1931]. Finally, we note that if St. Paul, a commercial insurance company, did not intend to act as surety for all the damages and attorneys' fees arising in the underlying action, it could have protected itself by using language in the bond to limit its liability to damages and attorneys' fees arising as a result of the injunction.

## II

Given the plain and unambiguous language of the bond, we cannot say that the circuit court was wrong in determining that St. Paul was liable under its bond for all the damages and attorneys' fees that R.E.X. was entitled in the underlying action.

> "The finding of a trial court upon facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding." *Daugherty v. Ellis,* Point 6 Syllabus, 142 W.Va. 340, 97 S.E.2d 33.

Syllabus Point 6, *Cotiga Development Co., supra.*

For the above stated reasons, the judgment of the Circuit Court of Cabell County is affirmed.

Affirmed.