W. J. Burnham v. Richard Tizard.

[Filed May 6, 1891.]

**Attorneys' Fees:** Divorce: Husband's Liability. Sec. 12, chap. 25, Comp. Stats., authorizes the court in a divorce suit " to require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency." *Held,* That the remedy here given for attorney fees for the wife is exclusive, and that the attorney cannot afterwards maintain an action against the husband for fees in addition to those allowed by the court and paid.

Error to the district court for Douglas county. Tried below before Wakeley, J.

*Savage, Morris & Davis,* for plaintiff in error:

Necessaries are defined as "anything reasonable that the wife should enjoy." (*Attaway v. Hamilton,* 3 C. P. Div., 393.) Legal services in divorce cases are necessaries for which the husband may be liable. (*Porter v. Briggs,* 38 Ia., 166; *Gossett v. Patten,* 23 Kan., 340; *McCurley v. Stockbridge,* 50 Am. Rep., 229.) Nearly all the cases holding a contrary doctrine are where the wife was plaintiff in the divorce case. Where the husband seeks to have the marriage contract canceled, and, in doing so, attacks the character and reputation of the wife, it is of the highest necessity to defend the suit. (*Clarke v. Burke,* 65 Wis., 359; *Shelton v. Pendleton,* 18 Conn., 423; *Morrison v. Holt,* 42 N. H., 478; *Williams v. Monroe,* 18 B. Mon., 514.) Even in the states where it has been held that legal services in divorce suits were not necessaries, such services in other actions are so considered. (*Warner v. Heiden,* 28 Wis., 517; *Conant v. Burnham,* 133 Mass., 503; *Morris v. Palmer,* 39 N. H., 123.)

*Lake, Hamilton & Maxwell, contra:*

"The weight of authority is that an action at law for his fees cannot be maintained by a solicitor who prosecutes or defends on the wife's behalf against her husband." (Schouler, Dom. Rel., p. 93, and citations; Stewart, Mar. & Div., sec. 389; Bishop, Mar. & Div., sec. 571; Hawes, Parties, secs. 37, 38, 68; note to *Cunningham v. Erwin,* 10 Am. Dec., 463; *Ray v. Adden,* 50 N. H., 82; *Cooke v. Newell,* 40 Conn., 596; *Wing v. Hurlburt,* 15 Vt., 607; *Dow v. Eyster,* 79 Ill., 256; *Catlin v. Martin,* 69 N. Y., 396.) The allowances of the trial court are admitted to have been promptly and fully paid by the defendant, and with them the plaintiff must be content. (*Hare v. Gibson,* 32 O. St., 33; *Crittenden v. Schermerhorn,* 39 Mich., 661; *Dow v. Eyster,* 79 Ill., 256.)

PER CURIAM.

This is an action for services alleged to have been performed by the plaintiff as an attorney for the wife of the defendant in defending her in an action for a divorce.

A demurrer to the petition was sustained in the county court and also in the district court and the action dismissed. There is the following stipulation of facts in the record:

"It is hereby agreed and stipulated by and between the parties hereto that the alleged legal services for which this action is brought were rendered to the wife of this defendant in error, in a divorce proceeding then pending in this court, wherein said Richard Tizard was plaintiff and his wife was defendant, commenced in April, 1887, and tried at the May term, 1888, when judgment was rendered against the plaintiff and his petition dismissed at his costs, and that, pending said divorce proceedings, and before the trial of said cause, application by the plaintiff in error herein as the attorney of said wife was made to the trial court in that suit for alimony, suit money, and attorney's

fees; whereupon, on the 23d day of February, 1888, the court awarded $25 per month for alimony *pendente lite*, $25 suit money, and $100 attorney's fees, and that all of said amounts were promptly paid by the said Richard Tizard, and that no other or further application for an additional allowance was made pending said divorce suit by the said defendant wife, or by her said attorney, or by any other person in her behalf."

Sec. 12, chap. 25, Compiled Statutes, provides that "In every suit brought, either for a divorce or for a separation, the court may, in its discretion, require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency, and it may decree costs against either party, and award execution for the same, or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver."

The plaintiff availed himself of this provision of the statute and was allowed and paid $100. If that was not sufficient he should have applied to the court for an additional sum, and on a reasonable showing that the services were of greater value than $100, no doubt he would have been allowed an additional amount. The general rule is that attorney fees are not chargeable against the husband in actions of divorce except where so provided by statute. (Schouler's Domestic Relations [3d Ed.], note sec. 61, and cases cited.)

The authority of the court to award counsel fees is derived from the statute and the remedy there given is exclusive. Under this rule justice is done all parties. The court before which the services are rendered, having all the facts before it, awards such attorney fees to the attorney for the wife as are deemed adequate, and where no complaint is made by appeal, must conclusively be so declared, while the husband is not afterwards harassed by suits for services which he did not contract for. It is apparent that

the petition fails to state a cause of action and the judgment is

AFFIRMED.

THE other judges concur.