## KINCHELOE *v.* MERRIMAN.

Decided June 6, 1891.

*Divorce—Wife's suit money—Husband's liability.*

> An attorney cannot recover, in an action at law against a husband, for services rendered his wife in a contemplated suit for divorce upon the ground of the husband's cruelty, since the prosecution of a suit for divorce is not necessary to her protection as a wife.

APPEAL from *Faulkner* Circuit Court.

JOSEPH W. MARTIN, Judge.

*J. H. Harrod* for appellant.

A husband is not liable to an attorney employed by the wife to obtain a divorce for his fee, even where he obtains the divorce. 32 Ala., 227; 18 Conn., 417; 40 Conn., 596; 79 Ill., 254; 2 Ind., 630; 18 B. Mon., 514; 8 Cush. (Mass.), 404; 42 N. H., 478; Wright (Ohio), 120; 3 Head (Tenn.), 527; 15 Vt., 607; 3 Iowa, 97; Bish. Mar. & Div., 5th ed., vol. 2, sec. 391; Mansf. Dig., sec. 2563; 30 Ark., 73.

*Sam Frauenthal* and *E. M. Merriman* for appellee.

1. A husband is liable to an attorney for his fee, who is employed by his wife to institute proceedings for a divorce, where the grounds were cruel and inhuman treatment, rendering her condition intolerable, and where it was absolutely necessary for her protection and safety that she have legal advice. Citing 24 Ark., 522; 30 Ark., 73; Mansf. Dig. sec. 2563; 2 Bish. M. & Div. (6th Ed.), sec. 387; *ib.*, sec. 390; *ib.*, sec. 388; 34 Eng. L. & Eq., 214 (217); 50 Ga., 94, 66; 30 Ga., 81; 23 Kans., 340.

2. It was *necessary* for the wife's protection and safety that she have counsel; a *necessary* for which the husband is bound. 1 Bish. M. & D., sec. 554 (6th ed.); 42 N. H., 78 (480); 39 *id.*, 123.

Liability of husband for wife's suit money in divorce proceeding. HUGHES, J. The appellee sued the appellant for an attorney's fee for services rendered the wife of appellant in counseling and advising her in reference to a suit which the wife contemplated bringing against the appellant for dissolution of the bonds of matrimony upon the ground of cruel and barbarous treatment of the wife by her husband. Appellee alleged in his complaint that it was absolutely necessary for the wife's protection and safety that she should have legal advice. The contemplated suit for divorce was compromised, and not instituted. A demurrer to the complaint was overruled, and judgment was rendered for appellee from which the appellant prosecuted this appeal. Was the appellant liable?

Under our statute the allowance of alimony and suit money, pending a suit for divorce, is in the sound discretion of the court, and, before the court will make the allowance, the wife must show merits. Sec. 2563, Mansf. Dig.; *Hecht v. Hecht*, 28 Ark., 93; *Countz v. Countz*, 30 Ark., 73. There is no other provision in our statute in reference to suit money in divorce cases. If the allowance is discretionary only with the court *pendente lite*, can it be said that the wife has absolute right to counsel fees in a divorce suit?

In 2d Bishop on Marriage and Divorce, section 388, it is said that "the English doctrine is, that a legal person who, in good faith and on probable cause, carries on or defends a wife's divorce suit with her husband can recover at law of the latter the proper compensation for his service and expenses therein; to the extent to which he does not obtain it, by order of the court, in the suit itself."

Lord Campbell held, in *Brown* v. *Ackroyd*, 5 Ellis & Bl., 819, 827, 829, that a wife has authority to pledge her husband's credit for the costs of a divorce suit, where there are

reasonable as well as where there are absolute grounds for instituting the suit.   Under such circumstances the suit would be necessary and fit for the wife's protection, and she would be authorized to employ a proctor, and her husband would be liable for his fees.  And it was said in that case by Crompton, J., that "where there is reasonable apprehension of violence, a divorce may be the most effectual protection, and it may be a necessary, within the rule which authorizes a wife, who has left her husband from reasonable apprehension of cruelty, to pledge his credit for what is necessary to her."

This doctrine was confirmed in the court of common pleas, and held to apply, though the petition for divorce was not proceeded with and counsel omitted to pursue the practice of the court for obtaining costs, Erle, C. J., saying:   "No doubt such costs come under the description of a 'necessary.' The wife pledges her husband's credit at the beginning of the suit; and I see nothing in the practice of the divorce court to take away the wife's common law right."   *Rice* v. *Shepherd*, 12 C. B. (N. S.), 332.

In the courts in this country there is a diversity of judicial determination upon this question.   In 2d Bishop on Marriage and Divorce, section 391, it is said that "the proposition that neither the obtaining of a divorce nor the resisting one has any relation to her protection *as wife*, is, as applied to the marriage dissolution, not altogether without reason.   And there is a great deal of American authority to this; namely, that the wife's legal agent cannot recover compensation of the husband for his services in suits for divorce from the bonds of matrimony, whether she is plaintiff or defendant."   *Wing* v. *Hurlburt*, 15 Vt., 607 ; *Dorsey* v. *Goodenow*, Wright, 120 ; *Shelton* v. *Pendleton*, 18 Conn., 417 ; *Coffin* v. *Dunham*, 8 Cush., 404 ; *McCullough* v. *Robinson*, 2 Ind., 630 ; *Williams* v. *Monroe*, 18 B. Monroe, 514 ; *Johnson* v. *Williams*, 3 Greene (Ia.), 97 ; *Dow* v. *Eyster*, 79 Ill., 254 ; *Cooke* v. *Newell*, 40 Conn., 596 ; *Morrison* v. *Holt*, 42 N. H., 478 ; *Ray* v. *Adden*, 50 N. H., 82.

We cannot well understand how a suit for divorce could be necessary, or actually afford protection to the wife against personal abuse upon the part of the husband. A proceeding against him to compel him to keep the peace might be necessary, and might have the desired effect; and for services rendered for the wife in such a proceeding the husband would be liable, on the ground that the wife has the right to pledge her husband's credit to procure services which are necessary to her protection and safety.

In the cases of *Glenn* v. *Hill*, 50 Ga., 94; *Sprayberry* v. *Merk*, 30 Ga., 81; *Gossett* v. *Patten*, 23 Kan., 340, and some others, the husband was held liable for the wife's counsel fees in an independent action at law, and, in some of the cases, even though the suit for divorce was discontinued or not brought. But the preponderance of authority in the American States is that, for services rendered a wife in a suit for divorce, an attorney cannot recover in an action at law against the husband, for the reason that prosecuting or defending a suit for divorce has no relation to her protection as wife.

The court erred in overruling the demurrer to the complaint. The judgment is reversed with directions to sustain the demurrer to the complaint.