DETERMINED BY THE

# SUPREME COURT OF APPEALS

OF

# WEST VIRGINIA.

## CHARLESTON.

STATE *ex rel.* CITIZEN'S NATIONAL BANK *v.* GRAHAM.

Submitted September 11, 1908. Decided October 18, 1910.

1. INJUNCTION—*Action on Bond—Recovery of Attorney's Fees.*
   · The inclusion of ten per cent. damages on the principal and interest of a money judgment and costs from the date of the judgment to its dissolution, on the aggregate of principal, interest and costs, does not bar a recovery of counsel fees spent in defence of an injunction ·in an action on an .injunction bond with condition to pay the judgment and costs, and "also such damages as shall be incurred or sustained by· the person enjoined".

2. SAME.
   In an action on an injunction bond, with condition to pay a judgment and costs, "and also such damages as shall be incurred or sustained by the person enjoined, in case the injunction be dissolved", reasonable counsel fees for service in the supreme court, as well as in the circuit court, may be recovered.

3. SAME.
   The fact that the amount of a judgment collected by execution from the judgment debtor exceeds the penalty of a bond given under an injunction against the judgment, will not preclude recovery of counsel fees for services in procuring a dissolution of the injunction in an action on such bond.

Error to Circuit Court, Wirt County.

Action by the State, on the relation of the Citizen's National.

Bank, against R. B Graham and others. There was a directed verdict for defendants, and relator brings error.

                                        *Reversed and Remanded.*

*V. B. Archer* and *William Beard,* for plaintiff in error.

*Walter Pendleton,* for defendants in error.

BRANNON, JUDGE:

As will appear in *Graham* v. *Citizen's National Bank,* 45 W. Va. 701, that bank had two judgments in its favor recovered in actions at law, one against R. B. Graham and D. A. Bumgarner, and the other against R. B. Graham and M. M. Dent, and that Graham brought an injunction suit against the enforcement of executions on the judgment and obtained an injunction against those executions which was dissolved by decree of the circuit court, and that that decree was affirmed by this Court. In that case Graham, Bumgarner and Virginia E. Sayers gave an injunction bond in the penalty of $1,600 conditioned, in case of a dissolution of the injunction, that Graham should pay the judgments and such costs as might be awarded against him "and also such damages as may be incurred or sustained by the defendant." Upon this bond an action of debt was instituted in the circuit court of Wirt county for recovery of damages of account of fees of counsel in defense of the injunction, which resulted in the exclusion by the court from the jury of the plaintiff's evidence, and a verdict for the defendant by direction of the court. The bank sued out the writ of error which we now decide.

A plea called a plea of *res judicata* was allowed to be filed. This plea made the point that the circuit court on dissolving the injunction decreed that the bank recover the amount of the two judgments with interest and costs of injunction and ten per cent. damages as provided by statute from the date of the injunction to the date of the dissolution, and that on execution the same had been paid. The theory of this plea is that the inclusion of the ten per cent. damages in the dissolution decree is a bar, as *res judicala,* against any further recovery of damages under the bond on account of the injunction, no matter what the cause of such damages, and that there can be no recovery of counsel fees necessarily expended in defense of the injunction.

The ten per cent. damages are the damages provided for in section 12, chapter 133, Code of 1906. It requires a circuit court, on dissolving an injunction against a money judgment, to aggregate principal, interest and costs, and on the total sum to give damages at ten per cent. per annum from the time the injunction took effect until its dissolution. That section says that such damages are "in lieu of interest". I need go no further than to use this language of the statute by saying that the damages here meant are in lieu of interest, a compensation for the injury done by the injunction for its delay of payment to the creditor, not damages arising from other causes not shown by the record dependent on facts outside of it, like pay for counsel for service in defense of the injunction. The very letter of the statute says so. It has not the slightest reference to damages accruing from expenditure in reasonable, necessary, counsel fees, or other cause extrinsic to the record. Section 10, chapter 133 requires the bond to be conditioned to pay the judgment or decree. What decree? That decree made on dissolution, because section 12 makes a new judgment or decree composed of principal, interest and costs and ten per cent. damages. That ten per cent. is a part of the decree, and is covered. by the clause requiring payment of the judgment or decree, and is not the "damages" meant by that other provision of section 10 demanding that the bond shall be to pay, in addition to the judgment or decree and costs, "also such damages as shall be. incurred or sustained by the person enjoined", by reason of the injunction. It is the same judgment increased by ten per cent. This is an independent clause designed to repair any, damage from causes unknown to the record, not ascertainable. or computable from it, such as counsel fees or other proper demand. The court dissolving an injunction has no power or; means to ascertain such damages. What does it know about, counsel fees or other expenditure? And of course, you could not say that its decree would pay damages which it could not ascertain. Further, it would be wholly unreasonable to think, that the Legislature meant to limit all damages, howsoever; arising, to ten per cent. on the debt. That is no measure of such damages. That clause requiring bond for "such damages. as shall be incurred or sustained", using both words, is broad, and remedial, and is designed to cover any damages produced by,

the injunction, proper under the law. The construction given by the plea would defeat the statute's purpose and emasculate it and the bond of efficacy. The point is made that the appeal bond will cover these damages. Not so. The damages covered by an appeal bond are those awarded by the appellate court under Code 1906, ch. 135, sec. 10. *Hutton* v. *Lockridge,* 27 W. Va. 428, and *Cardnell* v. *Allen,* 128 Grat. 184, cited with other cases in 1 Va. & W. Va. Ency. Dig. 521. So, that plea setting up such a bar is bad and was improperly allowed as to that. The case of *Claytor* v. *Anthony,* 15 Grat. 518, seems to be relied on, in this connection, by both sides. I do not think it can help the defense. Judge Lee says that the injunction bonds involved were taken under the Code of 1819. If taken under chapter 71, section 75, of that Code, I remark that the section did not call for a bond to pay damages, but only to pay the money and tobacco, and costs; if taken under section 114, chapter 66, Code of 1819, I remark that the bond was required to be for the payment of money, tobacco and costs and such damages "as shall be awarded against him." What damages are here meant? They are damages to be awarded by the court. And what damages are they? This is answered by section 61, chapter 66, 1 Rev. Code 1819, which required that damages be paid at ten per cent. per annum on the money judgment. As I have above stated, that was damages to be included in the execution and was only compensation for delay of payment. It was damages "awarded" by the court in the case from the record, and did not mean damages foreign to the case, dependent on outside evidence. *Claytor* v. *Anthony* can not be held as deciding that the damages standing in lieu of interest, computable by the record from the judgment, are those damages to be ascertained in another suit for attorney's fees or other cause. Note that that case was a suit on the bond, and not for counsel fees or for any cause of damages outside the record. But it was for recovery of the ten per centum damages in lieu of interest required by the Code of 1819, to be incorporated in the execution. A new action for damages because against a stranger to the judgment, but still for the ten per cent. Counsel for defendant is mistaken when he says that the bonds in the *Claytor Case* were under an act of 1842-3. That act is chapter 78 of the Acts of 1842-3. It did not prescribe that

the bond should cover damages, did not relate to damages, but only provided that the bond should contain a clause to indemnify the sureties in any case where a forthcoming bond had been taken. We must go by the interpretation of our present statute, and I can not think that our statute, Code, chapter 133, section 12, providing that on dissolution of an injunction damages in lieu of interest at ten per cent. shall be incorporated with the debt, was intended to be the only damages recoverable and preclude recovery for attorney's fees or other cause.

The declaration states that the said injunction was dissolved by the circuit court and its dissolution affirmed by this Court, and it seeks damages, not the ten per cent. damages in lieu of interest, but damages in a certain sum of money expended by the bank in defense of the injunction; and the point is made that the declaration does not say how much was spent for counsel fees in the circuit court and how much in the supreme court, and that the declaration is bad for that reason. Therefore, the law question put by this contention is that there can be no recovery on an injunction bond for counsel fees to pay for procuring an affirmance of the circuit court decree dissolving an injunction. As I have stated above section 10, chapter 133, Code of 1906, requires that the injunction bond shall provide not only for payment of the judgment and costs, but also for such damages as shall be incurred or sustained by the person enjoined. Broad language. Is there not reason that such demand for damages here meant should be damages caused by the injunction while pending in one court as well as in the other? The service of counsel to overthrow the injunction is needed as much in the Supreme Court as in the circuit court, and counsel fees are allowed to be recovered upon injunction bonds. *Corvin* v. *Kloak Bros.,* 51 W. Va. 19. For the purposes of this question the suit is one and the same in both courts. Does not the party obtaining the injunction keep up his wrong and continue, indeed, increase the damages by appeal and prolongation of the litigation? The opposite idea would lead us to strange results: *First,* That for obtaining the dissolution of an injunction wrongfully sued out, full compensation for attorney's fees can not be recovered, unless the dissolution is obtained in the court below, without appeal to this Court; *second,* that when the chancery court refused to dissolve, and this

Court, on appeal, reverses its decree, damages can be recovered for services of counsel in the unsuccessful attempt to obtain a dissolution in the court below, but can not be recovered for such services, though successful, rendered in this Court, without which the injunction would not have been dissolved. High on Injunctions, secs. 1636, 1687, is cited for authority for the contention that damages in the appellate court cannot be recovered upon an injunction bond; but High cites as much authority the other way from other states. I cite 8 Am. & Eng. Ann. Cases 716, giving the cases for the proposition that fees on appeal may be recovered. Also 16 Am. & Eng. Ency. L. 468. Also *Bowling* v. *Tate,* 65 Ala. 417, and *French* v. *Porter,* 134 *Id.* 302 (92 Am. St. R. 31), as containing argumentation to show that counsel fees on appeal may be recovered. The Alabama statute is like ours, "to pay all damages and costs which any person may sustain by suing out the injunction if dissolved." Also *Roberts* v. *White,* 73 N. Y. 375. But our own decisions are cited to show that appellate court fees can not be allowed. *Woodruff* v. *Johns,* 3 Munf. 230, holding in a short, unreasoned opinion that counsel fees on appeal can not be recovered. Condition of the bond in that case not apparent. Strange to say the then statute required an injunction bond but prescribed no condition, and called for no condition at all. 12 Hen. Statute, p. 467. The condition to pay damages was called for by a later act. *Jeter* v. *Langhorn,* 5 Grat. 193, holds that on dissolution, on appeal affirmed, ten per cent. damages is to be computed only up to the dissolution in the court below. The then statute provided that when an injunction to a money judgment should be dissolved ten per cent. damages should be paid for the award of the injunction to its dissolution. Now, observe, this is damage ten per cent. on the judgment, not damages for other cause than detention of the money, a compensation only for delay of payment, not damages otherwise caused. These damages were to go into the execution showing that "damages" there spoken of were not damages for attorney's fees or other cause ascertainable from the record. Such damages could not be ascertained in that case. Judge Baldwin delivered an opinion that seems to me right, though three judges differed, that such per cent. ought to run until the injunction was finally dissolved under the then statute.

He said, as I say, that the party having an erroneous injunction was still keeping up the damage by appeal. But that case does not apply to this case. The damages referred to in the old Code was a per cent. on the money, just as in section 12, ch. 133, of our Code, it is compensation on the money withheld, with no reference to damages ensuing from other cause. *Bailey* v. *McCormick,* 22 W. Va. 95, does not show that counsel fees on appeal may not be recovered. It only holds that an undertaking by a non-resident asking rehearing, binding him "to pay all costs which may be awarded" against him in said suit does not cover costs on appeal, I say *costs.* Costs are not counsel fees. Costs are awarded by each court in the proceeding before it. They are certain legal fees allowed by law computable from the record, whereas, attorney's fees are extrinsic to the record, not to be found from it, but dependent on facts *dehors* the record. But another reason as to that *Bailey Case* is that the appeal bond in that case and our present statute provides for costs in the appellate court, and therefore the costs spoken of in that undertaking could not be appellate costs.

The plea says that by executions the judgments were collected, not saying from whom, and that they exceeded the penalty of the bond, and therefore no recovery can be had on the bond. Whether, excluding interest this would be so, I can not say; nor is it necessary to say, because this defense is unsustainable. *Claytor* v. *Anthony,* 15 Grat. 518, holds that: "If the judgment, principal, interest, costs and damages on the injunction, amount to more than the penalty of the injunction bond, yet the plaintiff in the judgment having sued out execution on the judgment and made the money, principal, interest and costs, may recover the damages by suit upon the bond." Judge Lee speaking of the point that the judgment had been made by execution said, "The amount so paid was paid on the judgment and execution, not upon the injunction bond, and that bond remained as a surety for whatever might still be due the judgment creditor after deducting the amount of the principal, the interest at six *per cent.* and the costs which had been paid, that is to say for the four per centum of the damages not embraced in the payment." The bond required payment of judgment and damages. When the judgment was paid

there was no longer any obligation on the bond for it; but that would not absolve from the liability for payment of damages also stipulated in the bond. There had been no recovery on the bond for the judgments. This suit is not for such recovery, but for damages. Of course, had there been recovery on the bond for non-payment of the judgment it would be different. It does not appear that the surety in the bond ever paid a cent.

We reverse the judgment, set aside the verdict, strike out the special plea, and remand the cause.

*Reversed and Remanded.* ·