## *In re* STEWART BROS.

No. 7900.   Opinion Filed February 29, 1916.

(155 Pac. 1124.)

1.  **APPEAL AND ERROR—Right of Appeal—Parties—Interest.** The interest in the subject-matter of litigation which will authorize an appeal from an order or decree therein must be a direct and pecuniary interest in the subject-matter of the particular case.

2.  **SAME—Interest to Sustain Appeal—Tax Ferret.** A tax ferret has not such an interest, in the subject-matter involved in a proceeding to discover property not listed and assessed for taxation and to list and assess the same, as to authorize him to prosecute an appeal from a final order of the county treasurer to the county court, or from the county court to the Supreme Court.

(Syllabus by the Court.)

*Error from County Court, Grant County;*
*C. W. Stephenson, Judge.*

In the matter of the assessment of Stewart Bros., a co-partnership composed of H. M. Stewart and another. From the action of the county treasurer of Grant county in refusing to run on the tax roll certain property, O. R. McCombs, tax ferret, attempted to appeal to the county court, where his appeal was dismissed, and from the order of dismissal he brings error.   Dismissed.

*Sam P. Ridings* and *A. C. Glenn,* Co. Atty., for plaintiff in error.

*E. H. Breeden,* for defendants in error.

HARDY, J.   From the action of the county treasurer of Grant county, refusing to run upon the tax rolls certain property of defendants in error, which is claimed to have been omitted therefrom, O. R. McCombs, tax ferret,

attempted to appeal to the county court, where his appeal was dismissed, and from that order he prosecutes this proceeding.

Defendants in error file motion to dismiss for the reason that plaintiff in error, as tax ferret, is without authority to prosecute this proceeding in his own name. By section 7449, Rev. Laws 1910, the board of county commissioners is given the authority to contract with any person to assist the proper officers of the county in discovering property not listed and assessed, as required by existing laws, and is authorized to fix the compensation of such person at not to exceed 15 per cent. of the taxes recovered under that article. And it is also provided that an appeal from the final action of the treasurer may be taken to the county court within ten days. By chapter 189, Sess. Laws 1915, p. 386, this statute was amended so as to permit an appeal from the final judgment of the county court, by either party, to the Supreme Court, in the same manner as other appeals are taken. It is under these sections that plaintiff in error contends that he is authorized to prosecute an appeal from the action of the treasurer to the county court, and from the county court to this court. This contention is not well taken. Plaintiff in error has no such interest in the subject-matter of the action as will permit him to take an appeal as an aggrieved party or person, from any order made in the course of the proceeding in that case. Only such persons as have an interest in the subject-matter of the action are authorized to appeal from any order rendered therein. This rule is stated in 2 R. C. L., p. 520, as follows:

"A cardinal principle, which applies alike to every person, whether a party to the record or not, is that he must have an interest in the subject-matter of the action;

otherwise he can have no standing to appeal; and not only must a party desiring to appeal have an interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment."

The same rule is again stated in 3 C. J. 625, as follows:

"The appellant's interest, to suffice, must be a direct and immediate pecuniary interest in the particular case; and it is not sufficient that he is interested in the question litigated, or that by the determination of the question litigated he may be a party in interest to some other suit growing out of the decision of that question"

—and many illustrations are given in the text, where it was held that parties are possessed of no such interest. In *State ex rel. v. McCafferty*, 25 Okla. 2, 105 Pac. 992, L. R. A. 1915A, 639, the court had under consideration the act of May 29, 1908 (Sess. Laws 1907-1908, c. 81, art. 9), and the character of interest possessed by a tax ferret in the subject-matter of his contract with the county commissioners, made under that act, and in discussing this question the court said:

"We think it sufficient to say that the former act authorized the board of county commissioners to employ an agent for the state, and to agree with him as to what compensation he should receive on the amount recovered. This it did, and there can be no doubt that the agency, thus created, was withdrawn by the repealing act; that is, unless there was a consideration given for the contract, or unless it was so coupled with an interest in the subject-matter of the agency—that is, the property to be discovered—as to make the agency irrevocable. As there is no contention that a consideration passed, the repealing act revoked the agency, unless the same was coupled with an interest. That it was not is clear"

—and in support of the conclusion reached the court quoted from the case of *State ex rel. Walker v. Walker,* 88 Mo. 279, where that court in an analogous case reached the same result. The last-named case was reviewed in *Missouri ex rel. Walker v. Walker,* 125 U. S. 339, 8 Sup. Ct. 929, 31 L. Ed. 769, and the Supreme Court of the United States held that relator therein was an agent for the state, and entitled to receive a commission upon the amounts collected by him as compensation for his services, and all expenses incurred by him in that behalf, and that his agency was not coupled with an interest, and therefore there was nothing in the employment to prevent the agency from being revoked like any other.

The present act is not unlike the act of May 29, 1908, and the plaintiff in error has no greater interest in the subject-matter of the present proceeding than the tax ferret had under the former act; and, this not being such an interest as would authorize him to prosecute this appeal, the same is therefore dismissed.

All the Justices concur.