**FIRST NATIONAL BANK OF ARDMORE v. SMITH et al.**

No. 15449—Opinion Filed July 14, 1925.

Rehearing Denied Dec. 1, 1925.

1. **Judgment—Jurisdiction to Vacate or Modify at Subsequent Term.**

Where a final judgment was entered in the district court of Carter county at the September, 1923, term thereof in favor of the defendant and against the plaintiff, and the plaintiff did not attack the regularity and validity of the judgment so rendered within the time and in the manner provided by statute authorizing the district court to review its judgment, an oral motion made at the January, 1924, term of the district court of Carter county, attacking such judgment, came too late, and the court was without statutory authority or power to review, vacate, or modify such judgment in response to such oral attack.

2. **Same—Unauthorized Vacation—Reversal.**

Record examined: and held, that the judgment of the trial court should be reversed and the cause remanded to the district court of Carter county, with directions to vacate the judgment entered January 12, 1924, in favor of the plaintiff and against the defendant First National Bank of Ardmore, and to reinstate the former final judgment in favor of said defendant and against the plaintiff.

(Syllabus by Shackelford C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Marie S. Smith against C. J. Cannavan, Lucy Cannavan, Peoples Building & Loan Association, George Croom, and the First National Bank of Ardmore. From the final judgment, the First National Bank of Ardmore prosecutes an appeal against all the other parties, except C. J. Cannavan and Lucy Cannavan, as defendants in error. Reversed, with directions.

Potterf & Gray, for plaintiff in error.

Ahern, Fitzpatrick & Murphy, for defendant in error Marie S. Smith.

Brett & Brett, for defendant in error George Croom.

Opinion by SHACKELFORD, C. This appeal presents error of the district court of Carter county in the modification of a former judgment. In a case pending in the district court of Carter county, wherein Marie S. Smith was plaintiff and C. J. Cannavan, Lucy Cannavan, Peoples Building & Loan Association, George Croom, and the First National Bank of Ardmore were defendants, a final judgment was entered in favor of the First National Bank of Ardmore, as against the plaintiff, Marie S. Smith, denying her right to recover as against the bank. This judgment was entered as of the 1st day of November, 1923. The plaintiff in the action sought judgment against the bank; and the opposing contentions resulted in a judgment, so far as the plaintiff and the bank were concerned, stated thus: "It is further ordered and adjudged that the plaintiff take nothing as against defendant First National Bank of Ardmore." This was a final determination of the issue involved as between the

plaintiff and the defendant bank, and constituted a final judgment as defined in section 781, Comp. St. 1921, and was subject to be "vacated, modified or reversed as provided in this article" (article 25, Comp. St. 1921).

There was no attack made upon the judgment as between the plaintiff and the bank until on January 12, 1924, when the court sustained an oral motion of the plaintiff to modify that part of the judgment rendered as of the 1st day of November, 1923; and thereupon vacated the judgment rendered in defendant's favor, and entered judgment in favor of the plaintiff and against the bank, fixing a liability upon the bank in the sum of approximately $1,000, and directing execution to issue against the bank. The bank moved to vacate the judgment so entered against it in plaintiff's favor, upon the ground that the court was without power to vacate its former judgment and enter the judgment which was entered as of January 12, 1924. The motion to vacate was overruled, and the bank prosecutes appeal and presents assignments of error, and among others the following:

"The court having rendered final judgment in favor of this plaintiff in error during the September term, on the 1st of November, 1923, was without power to alter or review the judgment at a subsequent term of the court."

Under section 3072, Comp. St. 1921, Carter and Love counties are placed in a district court judicial district, and the terms of court in Carter county are to begin on the first Mondays in January, May, September, and December. Thus the judgment rendered on Nov., 1923, we rendered at the September, 1923, term of the district court of Carter county. The record shows that the September, 1923, term was adjourned sine die; the December, 1923, term was convened and lapsed by statutory limitation, and the January, 1924, term was convened. At this term of the district court of Carter county, the action of the court was taken which is complained of here. Section 810, Comp. St. 1921 (a section of article 25), provides that the district court may review its own judgment during or after the term at which the judgment was rendered, and said section, together with section 812, Comp. St. 1921, regulates the proceedings for such review.

An examination of the record discloses that these sections were not followed, but were ignored. No attempt whatever was made to put in operation the statutory procedure for review of the judgment. Under repeated holdings of this court, the trial court had

lost power and control over the former judgment rendered on November 1, 1923. McAdams v. Latham, 21 Okla. 511, 96 Pac. 584; Clark v. Roman et al., 50 Okla. 780, 151 Pac. 479; Maston v. Chandler - Building & Loan Ass'n, 61 Okla. 230, 157 Pac. 366; National Surety Company v. S. H. Hanson Builders' Supply Co., 64 Okla. 59, 165 Pac. 1136; Morgan v. Karcher, 81 Okla. 210, 197 Pac. 433; Allen v. Gaston, 74 Okla. 320, 189 Pac. 183. In the last case cited, the court said:

"After the final adjournment of the terms of court at which a final judgment is rendered, to give the court further jurisdiction to vacate such judgment, a substantial compliance with sections 5267-5269, Rev. Laws 1910, must be shown."

The sections referred to in Rev. Laws 1910 are brought forward as sections 810-812, Comp. St. 1921. These cases are controlling here. It is unnecessary to examine the other assignments of error. The judgment of the trial court has not been attacked by any other of the parties to the record by proceedings in error.

We recommend that the judgment of the trial court be reversed, and the cause remanded to the district court of Carter county, with directions to sustain defendant's motion and to vacate the judgment entered in favor of the plaintiff and against the defendant First National Bank of Ardmore; and to reinstate the judgment in favor of the bank and against the plaintiff.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 326, § 547. (2) 4 C. J. p. 1162, § 3179.