## FRIEDMAN v. FRIEDMAN.

No. 18259. Opinion Filed July 17, 1928.

(Syllabus.)

1. **Appeal and Error—Divorce—Finality of Judgment Through Operation Postponed.**

A judgment granting a divorce is a final judgment, regardless of the fact that for certain purposes the complete operation of the decree is postponed for a definite period of time.

2. **Divorce—Allowance of Counsel Fees After Final Judgment not Proper.**

Under section 506, C. O. S. 1921, the allowance of counsel fees in an action for divorce is but an incident to the main action; and such counsel fees will be allowed only while the main action is pending.

3. **Same—Judgment—Allowance of Counsel Fees at Subsequent Term.**

"Under the Oklahoma Code of Civil Procedure there can be but one judgment in an action." Therefore, where a judgment was rendered granting a divorce and settling property rights, and the determination of counsel fees was reserved in the judgment, held, that the court was without jurisdiction at a subsequent term to render judgment for such counsel fees.

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Lena Friedman against Loues Friedman for divorce, alimony and settlement of property rights, and also counsel fees for prosecuting the action. Judgment granting plaintiff a divorce, settlement of property rights, and awarding alimony, from which there was taken no appeal. At a succeeding term, judgment for plaintiff for attorney's fee, and defendant appeals. Reversed, with directions.

Samuel A. Boorstin and Floyd E. Staley, for plaintiff in error.

F. E. Riddle and Geo. W. Reed, Jr., for defendant in error.

HALL, C. The essential facts in this case are as follows:

1. Lena Friedman filed suit for divorce against her husband, Loues Friedman, in the district court of Tulsa county, and after the issues were properly joined, on the 10th day of March, 1925, the court rendered a judgment in the case granting plaintiff a divorce and the apportionment of personal effects, allowance of alimony, and judgment for the cost. The court reserved his decision upon the question of attorney fees claimed by plaintiff. The exact language of the court as it is incorporated in the judgment is as follows:

"It is further ordered and adjudged that plaintiff recover of defendant her costs herein, and that the attorneys fees, payable to her counsel, shall be hereafter determined by this court."

2. The plaintiff (defendant in error herein) timely filed her motion for a new trial, which motion was overruled, whereupon she gave notice of appeal to this court, but failed to perfect her appeal.

3. The court did not make any further order or render any further judgment in regard to the attorney fees until after the expiration of the term of court at which the judgment was rendered. About three months thereafter the term time of the judgment expired.

4. About one year after the rendition of the judgment in the main action, the court rendered judgment for counsel fees, which judgment was in favor of the plaintiff, Lena Friedman, for the use and benefit of her counsel. The relevant portion of the judgment in this connection is as follows:

"It is, therefore, considered, ordered, adjudged, and decreed by the court that the plaintiff, Lena Friedman, do have and recover of and from the defendant herein, Loues Friedman, the sum of $5,000 as attorney fees for the use and benefit of her said

counsel, for the collection thereof let execution issue."

5. From this judgment defendant, Loues Friedman, has appealed to this court.

6. The court never made an order continuing the cause for the term. Neither did the court modify or set aside the judgment in the main action during the term of court in which the judgment in said main action was rendered.

Under the statement of facts as outlined above, the principal question for determination here is whether or not the court had jurisdiction, or rather power, to render the supplemental or additional judgment in this action; that is, the judgment providing for counsel fees.

We think the court was without authority to render such judgment after the term at which the main or principal judgment was rendered .

It is fundamental that there can be but one judgment—final judgment—in any action. In this state that question is no longer open for debate. This court, in the case of Wells v. Shriver, 81 Okla. 108, 197 Pac. 460, stated the rule in the following language:

"Under the Oklahoma Code of Civil Procedure there can be but one judgment in an action."

The opinion in the Wells Case, supra, contains an exhaustive review of the authorities and copious quotations therefrom, on the point at issue.

The reason for the rule is clear: (1) The law favors the principle that there shall be an end to litigation; and (2) piecemeal or a plurality of appeals in the same case are neither sanctioned by the courts nor by the law-making bodies. The rule in force in this, as well as in other states, was stated in the case of Swarthout v. Curtis, 4 N. Y. 415, as follows:

"It is the policy of the Code to allow only one appeal to this court in the same cause; which cannot be brought until after the suit is at an end in the court of original jurisdiction."

We do not mean to indicate that numerous interlocutory judgments cannot be rendered in the same case and modified or vacated at the same or a subsequent term of the court. We have before us the question whether or not two **final judgments** can be rendered in the same case between the same parties. As to interlocutory judgments, the rule is stated in 34 Corpus Juris, 217, as follows:

"The rule against amending or vacating a judgment after expiration of the term at

which it was rendered has no application to interlocutory judgments, and such judgments may be opened, amended, or vacated at any time while the proceedings remain in fieri, and before the final judgment. The distinction between final and interlocutory judgments has been elsewhere considered."

It logically follows that if the principal judgment in the present case was a final judgment (and counsel for defendant in error do not contend otherwise), the second or supplemental judgment, the subject-matter of this appeal, was a nullity, because the court was without authority to render same. On this point a well-known text and accepted authority, 34 Corpus Juris, 219, states the rule in the following language:

"An attempted reservation in the judgment itself of power to amend or vacate it at a subsequent term does not enlarge or extend the authority which the court otherwise has in that behalf, and a new or amended judgment rendered at a subsequent term pursuant to such reservation is without jurisdiction and void; the prior judgment continues in force."

As we have already stated, the judgment granting a divorce, the apportionment of personal effects and awarding alimony was a final judgment. In other words, after the rendition of that judgment, the main object or purpose of the action was accomplished or executed. In every action at law or in equity, there is a distinct object. The object of an action for divorce and alimony is not the collection of an attorney's fee. Counsel fees are but an incident of the main action, and may or may not be allowed under the circumstances in any particular case.

It is elementary that a court has jurisdiction upon its own motion, or otherwise, to modify, amend or vacate its judgments during the term at which such judgments are rendered. In this connection, it is generally stated that "all proceedings of the court remain in the breast of the judge until the expiration of the term at which they were had."

In the present case, judgment was rendered granting a divorce and settling property rights; and the court at all times during the term in which the judgment was rendered could have supplemented its main judgment by vacating its former judgment and then rendering judgment to include the counsel fees which were subsequently allowed in the case. But such course was not pursued, and the court was without authority to render judgment for such attorney's fees at a subsequent term of the court, ex-

cept in pursuance of the statutory grounds of opening, modifying, or vacating judgments as provided in Comp. Stat. 1921, sec. 810. On this point the parties are referred to the following authorities; 34 Corpus Juris, pp. 219-232; Phillips Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851; First National Bank of Ardmore v. Smith, 115 Okla. 119, 241 Pac. 761.

Defendant in error next contends that the court had authority, after the lapse of the term, to render its judgment in regard to attorney's fees. Counsel make this contention upon the language of the court in making such reservation in the judgment. Apparently, defendant in error contends that because the court made such reservation, such authority would exist after the expiration of the term. With this we cannot agree, regardless of the question of intention. It is not a question of intention, but a question of power of the court to exercise a jurisdiction which he had lost from lapse of time.

The above and foregoing principles of law are nowise in conflict with the rule that, in awarding alimony or in decreeing the custody of children, upon **proper pleadings disclosing a change or alteration of conditions occurring since final judgment in the case,** and upon the proper issuance of processes or notice to the adverse party, the court at any term thereof, in the same case, may make a new order or render another judgment to conform to the new or subsequently arisen conditions.

Defendant in error next contends that the statutory rule which precludes the court from modifying or setting aside its judgments after term time does not apply to judgments granting or refusing a divorce or settling property rights involved in an action growing out of domestic relations. No authorities are cited in support of such contention, and we fail to see the reason for such a rule.

Irrespective of the provision in our law limiting remarriage of either of the parties to a decree of divorce, until an elapse of six months after such decree, the judgment or decree is no less a final judgment than a judgment in any other action. In other words, a judgment granting a divorce, awarding alimony, and setting property rights is a final judgment regardless of the fact that its complete operation for certain purposes mentioned is postponed for a definite period of time.

The contention of counsel for defendant in error that the attorney fees are cost in the

action, and could be determined at and during any subsequent term of the court, is wholly without merit. The court rendered judgment for the plaintiff for her cost expended in the action, which means and means only the statutory costs or costs fixed by law, which could be determined by purely ministerial officers, requiring no further action of the court or any other judicial officer. The authorities on this point are all in one direction. Bohart v. Anderson, 24 Okla. 82, 103 Pac. 742; Metropolitan Ry. Co. v. McClure, 58 Kan. 109, 48 Pac. 567; 15 C. J. 20. ·

The distinction is well stated by the Supreme Court of West Virginia, in the case of State v. Graham, 68 W. Va. 1, 69 S. E. 301, as follows:

"Costs are awarded by each court in the proceeding before it, and are legal fees allowed by law computable from the record, whereas attorney's fees are extrinsic to the record; not to be found from it, but dependent on facts dehors the record."

In addition to the court being without authority to render the judgment for attorney fees at a term of court subsequent to the rendition of the principal judgment or judgment in the main action, it is generally held that a judgment of this nature cannot be rendered after the marriage relation ceases to exist—that is, if judgment for the attorney's fees is not rendered at the time of the rendition of the decree of divorce, a supplemental judgment cannot be rendered allowing counsel fees. This is predicated upon the theory that when the main power conferred by section 506, C. O. S. 1921, and similar statutes of other states, has ceased to be operative, the ancillary or incidental power—that is, the power to award counsel fees—also ceases to be operative, and cannot be invoked by either the wife or her counsel in what amounts to an independent action to charge the husband. (This does not mean, as we ·have already said, that the court is without authority to modify, vacate or set aside and reshape his judgment during the term at which it was rendered.) But the decided weight of authority, as shown by the decided cases in other states, which have the same or similar statutory provisions to ours, is that the courts generally agree and hold, that counsel fees may be allowed only while the divorce action is pending. Grimstad v. Johnson (Mont.) 201 Pac. 314, and cases therei ncited; Cuntz v. Cuntz, 80 N. J. Eq. 429, 83 Atl. 787; Lake v. Lake, 194 N. Y. 179, 87 N. E. 88; Lee v. Koester (La.) 99 South. 588; Coons v. Coons (Mo. App.)

236 S. W. 364; Bishop v. Bishop, 205 N. Y. S. 543; Loveren v. Loveren, 100 Cal. 493, 35 Pac. 87; Burnham v. Tizard, 31 Neb. 781, 48 N. W. 823! Clarke v Burke, 65 Wis. 359, 27 N. W. 22, 56 Am. Rep. 631; Isbell v. Weiss, 60 Mo. App. 54; Neaher v. Mitchell, 112 Me. 416, 92 Atl. 492, L. R. A. 1915 C. 467, Ann. Cas. 1917 A, 688; Humphries v. Cooper, 55 Wash. 376, 104 Pac. 606, 133 Am. St. Rep. 1036; Beadleston v. Beadleston, 103 N. Y. 402, 8 N. E. 735; Kincheloe v. Merriman, 54 Ark. 557, 16 S. W. 578, 26 Am. St. Rep. 60; Zent v. Sullivan, 47 Wash. 315, 91 Pac. 1088, 13 L. R. A. (N. S.) 244, 15 Ann. Cas. 19.

Other errors are assigned and argued at length by counsel for plaintiff in error, but from the conclusion already reached in this case, and from the nature of the controversy, any further discussion of the matter would serve no useful purpose.

The judgment appealed from awarding plaintiff attorney's fees against defendant is hereby reversed, with directions to the lower court to vacate the same.

TEEHEE, DIFFENDAFFER, LEACH, and REID, Commissioners, concur. HERR, Commissioner, dissents.

By the Court: It is so ordered.

Note.—See under (1) 19 C. J. p. 180. §447. (2) 19 C. J. p. 231, §546. (3) 33 C. J. p. 1193, §123.