**CORLEY v. FRENCH et al.**

No. 19471. Opinion Filed Nov. 11, 1930.

Cress & Tebbe, for plaintiff in error.

Sullivan & Sullivan and R. J. Shive, for defendants in error.

HALL, C. This action was commenced by plaintiff and plaintiff in error, R. L. Corley, against C. M. Hatch, Glenn Hatch, and Joe Hatch, as defendants, to enforce the specific performance of a certain contract to drill an oil and gas well on certain premises. C. M. Hatch was the principal defendant. Plaintiff also prayed for alternative relief in that should the court find that specific performance was impracticable, he be awarded a certain sum as damages because of defendant's breach of said contract. Plaintiff also asked and obtained a restraining order or temporary injunction which operated for a time against defendant removing or incumbering certain personal property.

The case drifted along for a year or two, and, in fact, in so far as this record discloses, the cause has never been tried as to all the parties. The cause has never been determined with relation to the rights of the plaintiff, and upon that fact our decision rests.

About one year after plaintiff filed this action as aforesaid, and after the petitioners first obtained leave of court to intervene, three separate petitions in intervention were filed in the case. These interveners are defendants in error herein, Fred French, Joe Blubaugh, and B. N. Altom. The gist

of these intervening petitions was that each claimed a chattel mortgage which he asked to be foreclosed on certain property belonging to the defendant C. M. Hatch, and which Hatch used in connection with the drilling for oil on the leased premises involved in the subject-matter of plaintiff's petition. These various mortgages bore dates ranging from November 20, 1925, to May 17, 1927, and were to secure various sums in the aggregate of approximately $28,000. However, neither the amounts nor the dates of the mortgages are material. The mortgages were not executed in defiance of any order or injunction.

After these various interpleas were filed, the defendant C. M. Hatch, who was the principal defendant and mortgagor, filed an answer to each petition admitting the execution of the notes and mortgages, admitting liability, and also confessing judgment for the amounts prayed for. At a regular judicial day for hearing matters in the district court, interveners filed their respective motions for judgment on the pleadings. The attorney for the plaintiff was present in court when these motions were presented. He, on behalf of plaintiff, objected to the rendition of judgment in favor of the interveners and against the defendant Hatch, upon the grounds that he had not had time to properly investigate the matter to determine whether or not the proceedings on the part of the interveners and the defendant Hatch were collusive and a fraud upon the rights of plaintiff. After considerable discussion, the court denied plaintiff's point and rendered judgment in favor of the interveners and against the defendant Hatch for the sums prayed for, and also decreed a foreclosure of the respective mortgages. The judgments did not purport to affect the rights of the plaintiff, but, on the other hand, each judgment contained a provision couched in the following language:

"Provided, however, that this judgment shall not in any manner determine the issues between the plaintiff and interveners, but same shall be determined at some future date, after the issues between said parties are fully made up."

The plaintiff excepted to the action of the court in rendering judgment for interveners on their purported notes and chattel mortgages, and lodged in this court his appeal.

Plaintiff in error has filed in this court an exceedingly exhaustive brief setting forth several distinct specifications of error. On the other hand, the defendants in error, who were interveners in the trial court,

have filed in this court their motion to dismiss plaintiff's appeal, upon the grounds: (1) that no final judgment or order has been rendered in the case affecting the substantial rights of the plaintiff; (2) that he was not a party to the judgment, that the judgment did not purport to adjudicate his rights, and that therefore he is not an aggrieved party within the contemplation of the statutes allowing appeals.

It seems that, upon the very elementary principles of appellate procedure, the motion to dismiss the appeal must be sustained. Plaintiff in error cites and quotes at length from the case of Friedman v. Friedman, 132 Okla. 45, 269 Pac. 257, to the effect that there can be but one final judgment between the same parties in an action. The rule announced in Friedman v. Friedman, supra, is the universally accepted rule, but it has reference to final judgments **between the same parties.** Section 663, Comp. Stats. 1921, expressly grants authority to courts to render judgment against one or more several defendants in cases where a several judgment is proper. That part of the section on this point is as follows:

"In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper. The court may also dismiss the petition with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or proceed in the cause against the defendant or defendants served."

Many other jurisdictions have a similar statute. 33 Corpus Juris, 1129. A similar statute was applied in McNeeley v. Superior Court of Los Angeles County, 36 Cal. App. 602, 173 Pac. 102, in which it is held that:

"Under Code Civil Proc. par. 579, providing that in an action against several defendants the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper, where two joint tortfeasors are sued and one of them suffers default, a judgment may be taken against him and the action proceeded with against the other and a separate judgment rendered against him."

These judgments in favor of interveners and against Hatch were subject to whatever paramount rights plaintiff might establish in and to the property. The judgments only determined or terminated the issues between the interveners and the defendant Hatch, and not the issues existing or which

might subsequently arise in the cause between plaintiff and the interveners and between plaintiff and defendant Hatch. In other words, the judgments only divested Hatch of the right to contest the existence and validity of the notes and chattel mortgages purporting to be owned by interveners; and the judgments in no wise affected the claim or rights of plaintiff. The fact that the interveners might subject the property to the satisfaction of their judgments is of no legal potency, for the reason that the property was not in custodia legis, and therefore without resorting to the extraordinary remedy, replevin, the interveners could have as easily filed petitions in equity and obtained the same results as was done in this cause by pleas by way of intervention. In fact, a proceeding by way of an original action would have been much more orderly and less confusing. Neither the plaintiff's cause of action nor the answers of defendant bore any relationship to the interveners' cause of action to foreclose their liens. The proceeding to foreclose the mortgages by way of interpleas was an appropriation of plaintiff's case for a field in which to litigate independent and non-germane causes of action in which the plaintiff was not concerned. Had an objection been lodged to the motions to intervene, the court would have, or should have, sustained the objection. However, as the interveners were permitted to intervene without objection, plaintiff has no ground for complaint. In fact, he is not complaining of the action of the court in permitting the interveners to come into the case. His objection is directed at the action of the court in rendering judgment in favor of the interveners and against the defendant, a matter which does not concern him whatever. The judgments did not, nor do they purport to, affect the substantial rights nor any rights of the plaintiff. In this connection plaintiff never set forth any claim nor title to nor interest in the property involved in the interveners' petitions and made the subject-matter of the judgments. The judgment did not directly or indirectly deprive plaintiff of a lien, because he had none and claimed none. The very fact that he in the future might obtain a judgment against Hatch and, upon the issuance and service of an execution, subject this property to a judicial sale to satisfy such contemplated judgment, would not give him such an interest in the property or subject-matter as to permit him to prosecute an appeal from a judgment awarding this property to other persons where the judgment awarding such property

did not attempt to adjudicate any right of plaintiff. This principle was adhered to in the cases of Richardson v. Thompson, 40 Okla. 348, 138 Pac. 177; Cargile v. Union State Bank, 40 Okla. 506, 139 Pac. 701.

The appeal in this cause is accordingly dismissed.

BENNETT, HERR, REID, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.