**R. L. UNDERSIDE, Appellee,**

v.

**Tom LATHROP, d/b/a Lathrop-Steele Insurance Agency; and Lathrop-Steele Insurance Agency Inc., an Oklahoma Corporation, Appellants,**

**and**

**Kansas City Fire & Marine Insurance Company, Appellee.**

No. 55392.

Supreme Court of Oklahoma.

April 27, 1982.

Rehearing Denied June 7, 1982.

Daniel R. Sheehan, Durall, Meadows, Sheehan & Walters, Oklahoma City, for appellee, Underside.

Ronald L. Day, C. William Threlkeld, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellants.

Clarence P. Green, Green & James, Oklahoma City, for appellee, Kansas City Fire & Marine Ins. Co.

OPALA, Justice:

This case comes to us laden with a fatal postural infirmity. The relief sought by appellant cannot be granted and the appeal must be dismissed. The dispositive question before us is whether appellant is *presently aggrieved* by a judgment rendered between *two other* parties in the case. Our answer is in the negative.

## I.

### THE ANATOMY OF LITIGATION

■ In this dispute over liability for a fire loss the homeowner's action invoked two alternative remedies to recover a single claim. These remedies were pleaded as separate "causes of action".[1] In the first alternative count—pressed against the alleged insurer and its policy writing agent—liability stood predicated upon an oral insurance *contract* made by the homeowner with the insurer's agent;[2] the second count—ad-

1. See Fraser, One Form of Action: Pleading Alternative Facts, Theories and Remedies, 14 Okla.L.Rev. 125 [1961]; see also Fraser, Pleading in Perspective, 19 Okla.L.Rev. 241, 259–260 [1966].

2. For recovery against the insurer on *contract* theory homeowner no doubt relied on the policy writing agent's authority to bind the company by an *oral* contract of insurance. A parol agreement so made may form the basis of insurer's liability "without the issuance and de-

vanced against the agent *alone*—was founded on the latter's *negligence* in failing to procure a timely arranged-for renewal of the policy.[3] This appeal by the agent seeks to affect the trial court's decision absolving the insurer of its *contractual* liability on the claim. The *tort*-based phase of litigation is not directly implicated here.

The trial court's disposition of the *ex contractu* remedy came in two different stages. Initially, the court entertained the agent's demurrer that was directed to homeowner's *ex contractu* count. Its order sustaining that demurrer—without allowing leave or time to replead—was doubtless predicated on the familiar common-law principle that one who deals as agent in behalf of the disclosed principal is not liable for the latter's breach of contract.[4] The next stage occurred when the court took under consideration the insurer's motion for summary judgment which was submitted together with a stipulation of facts. Upon the issues so tendered the court ruled that at the time of the fire homeowner was not protected by the insurer against the risk for which recovery was sought.[5] The instant appeal *by the agent* is from that decision.

## II.

## THE PRECISE NATURE OF CORRECTIVE RELIEF CLAIMED BY THE AGENT

The agent urges the judgment absolving the insurer of the alleged *ex contractu* liability for the loss should be clarified to the end that he [the agent] be allowed to prove,

in the proceedings to follow on the alternative claim in tort, that insurer's coverage was in effect at the time of the fire "and thereby negate the allegation of negligence for failure to procure insurance".

## III.

## THE AGENT'S CLAIM TO AN APPEALABLE INTEREST

The agent claims the judgment in favor of the insurer is "a determination that there was no coverage [which] forecloses this issue and deprives ... [him] of an affirmative defense to the ... [homeowner's negligence] action [against him] ... *without even the opportunity to be heard in this matter.*"

## IV.

## THE RELIEF SOUGHT CANNOT BE GRANTED

The agent was neither a party nor a privy to the judgment in favor of the insurer. There is *no* indication in the record that the agent was allowed to participate in the proceedings that culminated in that judgment or that he [the agent] was afforded "full and fair opportunity" to litigate the coverage issue either with the homeowner or with the insurer.[6] Nay, when the decision for the insurer was reached below, the *ex contractu* count plead against the agent already had been effectively removed from the court's consideration by its prior order sustaining the agent's

---

3. See annotation in 64 A.L.R.3rd 398 on *Liability of Insurance Broker or Agent to Insured for Failure to Procure Insurance.*

4. *Glens Falls Insurance Company v. Johnson*, supra note 2 at 232.

5. The agent's demurrer to the *ex contractu* claim was sustained April 4, 1980. The order does not show that homeowner either sought or was granted time to replead upon this theory of liability. The agent was not a party to the statement of agreed facts. Entered by and between the insurer and the homeowner, that statement was filed April 25. Judgment exon-

---

livery of a policy". *Glens Falls Insurance Company v. Johnson*, Okl., 403 P.2d 229, 233 [1965].

erating the insurer from its alleged contractual liability was rendered May 9.

6. Generally, the concept of issue preclusion or collateral estoppel cannot apply when the party against whom the earlier decision is interposed did not have a "full and fair opportunity" to litigate the critical issue in the earlier case. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 [1980]; *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 [1979]; and *Blonder-Tongue Lab., Inc. v. University of Illinois Found.*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 [1971]. See also annotation in 58 L.Ed.2d 938 [1980].

demurrer to that alternative theory of recovery.[7] At that point in litigation the only count pending against the agent was one predicated on negligence in failing to procure a timely renewal of the policy. The insurer was not brought in as a party to that claim count. The record reveals no plea in the homeowner's reply on file below by which the affirmative defense in the agent's answer—that homeowner did have coverage for the fire loss—is averred to be barred from relitigation by the judgment rendered against the homeowner and in favor of the insurer in the contract-remedy phase of the case. In short, in its current posture the record reveals no pleading which tenders issue preclusion [8] as a presently effective tool of the homeowner's trial strategy.

Standing to prosecute an appeal must be predicated on that interest in the trial court's decision which is *direct, immediate and substantial*.[9] Conjecture or speculation about possible adverse consequences that may flow from the decision at some point in the future will not suffice to support a person's "aggrieved" status. One cannot appeal from a decision, however erroneous, which does not affect one's substantial rights.[10]

The agent clearly is without standing to challenge the judgment rendered in a contest between the homeowner and the insurer. He has *no* appealable interest in the coverage issue that was litigated and determined *solely* between these parties. The terms of *their* judgment cannot be altered here at the instance of the agent merely to allay his fears—based not on pleadings in the case but on pure speculation—that the

judgment to be reviewed might be interposed against him for its issue preclusive (collateral estoppel) force. The record simply does not disclose any attempt by the homeowner to bar the agent from litigating the issue of effective coverage as his affirmative defense. Since the agent brought no third-party indemnity claim against the insurer—for a judgment over in the event of homeowner's recovery against the agent—the possible defensive use of issue preclusion by the insurer is, at best, conjectural.

We do not sit to decide hypothetical issues or to give advisory opinions about issues not yet in controversy. *No* corrective relief may hence be granted here from *anticipated* interposition of the tendered judgment as a bar to relitigation of the coverage issue in the homeowner's pending tort claim against the agent.

Appeal dismissed.

IRWIN, C. J., BARNES, V. C. J., and LAVENDER, DOOLIN, HARGRAVE and WILSON, JJ., concur.

SIMMS, J., dissents.

7. In an ordinary action, when the demurrer to a pleading stands sustained, issues tendered by it are eliminated from the court's cognizance, *Spaulding v. Porter*, 94 Colo. 496, 31 P.2d 711, 713 [1934], the defective pleading is "overturned" and, if the pleader desires to proceed further, an amended pleading must be filed. *Seufert v. Stadelman*, 178 Or. 646, 167 P.2d 936, 938 [1946].

8. The Restatement of Judgments now speaks of res judicata as "claim preclusion" and of collateral estoppel as "issue preclusion". Restatement of Judgments (Second) § 74 (Tent. Draft

No. 3, 1976). *Allen v. McCurry*, supra note 6, 101 S.Ct. at 415.

9. *Cleary Petroleum Corp. v. Harrison*, Okl., 621 P.2d 528, 530 [1980].

10. *Trapp v. Board of Com'rs. of Okmulgee County*, 79 Okl. 214, 192 P. 566 [1920]; *In re Stewart Bros.*, 53 Okl. 153, 155 P. 1124, 1125 [1916]; *Baker v. Vadder*, 83 Okl. 140, 200 P. 994 [1921]; *Corley v. French*, 146 Okl. 29, 293 P. 177 [1930]; *Love v. Wilson*, 181 Okl. 558, 75 P.2d 876 [1938]; *Cleary Petroleum Corp. v. Harrison*, supra note 9 at 530.